## No. 10,184.

ANTERO and LOST PARK RESERVOIR CO. *v.* BOARD OF COUNTY COMMISSIONERS OF PARK COUNTY, ET AL.

Decided March 3, 1924.    Rehearing Denied April 7, 1924.

Action to recover taxes paid. Judgment for plaintiff on part of its claim and for defendant on the balance.

*Affirmed in Part.*

*Reversed in Part.*

1.  TAXES AND TAXATION—*Reservoir Dam.* A reservoir dam is not an improvement on land, and not taxable.

2.  *Assessment—Parol Evidence.* In the case under consideration, it is held that parol evidence was inadmissible to establish the facts in regard to assessments on the property in question.

3.  APPEAL AND ERROR—*Fact Findings.* Fact findings of the trial court based on conflicting evidence will not be disturbed on review.

4.  TAXES AND TAXATION—*Reservoirs—Assessment.* In an action by a reservoir company to recover taxes paid on its reservoir property, it is held under the facts disclosed, that the unit rule of assessment could not be used; that there should have been such a listing and valuation of the property as would enable the owner to make specific objections to the same.

5.  INTEREST—*Repayment of Taxes.* Interest is not recoverable except where allowed by statute.
    Section 7292, C. L. '21, providing for interest on taxes refunded, held not applicable to the instant case.

*Error to the District Court of Park County, Hon. James L. Cooper, Judge.*

Mr. PAUL M. CLARK, Mr. J. H. BURKHARDT, for plaintiff in error.

Messrs. DAWSON & WRIGHT, Mr. JOHN M. BOYLE, Mr. VICTOR E. KEYES, Attorney General, Mr. CHARLES ROACH, Deputy, for defendants in error.

*En banc.*

MR. JUSTICE SHEAFOR delivered the opinion of the court.

SUIT brought to recover taxes paid by the plaintiff, assessed against its reservoirs, and other property connected therewith, for the years 1909, 1911, 1912 and 1913 to 1918 inclusive. Plaintiff claims to have paid these taxes under protest, and that they were illegal and void by reason of the property being non-taxable and because the assessments were improperly made.

A demurrer was sustained to the first and second causes of action for the taxes of 1909 and 1911, for the reason, as the court held, that they were barred by the statute of limitations. No serious complaint is made of the court's ruling in this respect. Unquestionably these causes of action were barred by the statute, and the court was right in so holding.

The trial court held in favor of the plaintiff, that it was entitled to recover the taxes paid for the year 1912, and for the years 1916 to 1918 inclusive, and held in favor of the defendants, that the plaintiff was not entitled to recover the taxes paid for the years 1913 to 1915 inclusive. Both parties assign error.

For the year 1912 it appears that the properties assessed were the improvements constituting the reservoirs. This court has held the dam not an improvement on the land, and not taxable. *Antero and Lost Park Reservoir Co. v. County Commissioners of Park Co.*, 65 Colo. 375, 177 Pac. 148.

It is not quite clear what property the assessment was against for the year 1912, or its basis, or what the defendants attempted to establish as the basis for the assessment of the plaintiff's property for that year.

Mr. Link testified in substance that they did not make a specific assessment; that they took the whole concern as a unit; that they took the value of the plaintiff's water rights as a basis, and in arriving at that basis they took into consideration the securities of the company, the amount of water, and the value thereof, and the possibil-

ities of the future storage of water. He also said, that as he saw it, there was only one thing to be found, and that was the value of the water rights of the reservoir company.

We are of the opinion that parol evidence was inadmissible to establish the facts in regard to the assessments made. If the fact of an assessment could be so established, it would defeat the rule requiring that the listing and valuation of property should be a matter of definite record; but even if the parol evidence admitted could properly be considered, the evidence was conflicting as to the assessment for the year 1912, and the findings of the court based thereon cannot be disturbed. The assessment for the year 1912 was made by the Tax Commission in conjunction with the county assessor of Park county. For the subsequent years involved in this controversy, the assessments were made by the Tax Commission. It appears from the record that they made the assessments as a unit; that there were no listing and valuation of water rights, nor of any other specific property.

Mr. Link further testified that the basis of their assessment was really unsold water rights, and that was the only object they had in view. From the testimony of Mr. Link it is difficult to determine whether the Tax Commission assessed the unsold water rights, or priorities to the use of water decreed to the reservoir and which the Tax Commission considered to be unsold. It appears that the company does not retain any of the priorities to the use of water.

The trial court found: "That, at the time of the levies and assessments complained of until the conveyance thereof to the city and county of Denver, the plaintiff had and retained and owned valuable reservoir rights in Park county, Colorado, and that, except for the year 1912, it was against and upon these reservoir rights that the taxes complained of were levied and assessed; and that the said levies and assessments were not upon an earthen dam and other improvements appurtenant to the Antero reser-

voir, as contended for by the plaintiff; and that these reservoir rights, so held, reserved and owned by the plaintiff, had never been applied to or used upon lands so as to relieve them from separate taxation; * * *."

We accept the finding of the court that it was against and upon the reservoir rights that the taxes complained of were levied and assessed, and by reservoir rights we assume the court meant the unsold water rights.

In the case of *Shaw v. Bond*, 64 Colo. 366, 371, 171 Pac. 1142, 1144, Judge Garrigues, speaking for the court said: "Under our revenue act for the purposes of taxation, real estate includes land, minerals under the land and improvements on the land, and water rights are declared to be improvements on the land where they are used; hence, it follows that water rights are real estate and must be listed and valued like buildings, apart from the land, but as improvements on the land where the water is applied."

The beds of the reservoirs, the dams, and the waters stored in the reservoirs, constituted the only property the plaintiff had which in some way the Tax Commission was endeavoring to assess. From the Antero reservoir the company had sold 11,000 acre feet of water, and the remainder of the water rights were unsold.

The court further said in the Shaw Case: "* * * When water rights are taxed in connection with the land they irrigate, the unit is taxed as a whole. The situs for taxation is declared by statute to be upon the land where the water is used."

It is true that the language of the court was used in a case in which water rights of mutual ditch and reservoir companies were involved, but we think the language is applicable to the instant case. The plaintiff had no title to the water impounded. It owned the beds of the reservoirs, and it owned the dams and the land upon which they stood, and the only essential thing of value, were the water rights. If water rights under our revenue laws for taxation purposes are to be listed and valued like buildings, as im-

provements upon the land upon which the water is used, then it would seem that they should not be taxed as unsold rights in the reservoir. But whether the unsold water rights are taxable it is not necessary for us to decide. We prefer to base our decision upon the method employed for the assessments of the property in question. From the manner in which the assessments were made, the plaintiff was at no time able to ascertain what property was listed, or what valuations were placed upon any particular part of the property, and thereby was enabled to make no specific objection thereto.

As already stated, the defendants claim the right to assess this property under the unit system. We think the unit rule of assessment could not be used as to the property involved in this controversy, so as to make subject to assessment and taxation, property which would not otherwise be taxable. We think there should have been such a listing and valuation of the property as would enable the plaintiff to make specific objection to the same. If the unsold water rights are taxable, then they should have been so listed and valued, and there would be no occasion to apply the unit method, as might be necessary in the case of many other corporations.

The court committed no error in refusing to allow plaintiff interest on the sums for which judgment was rendered for the plaintiff. Interest is not recoverable except where allowed by statute. Section 7292, C. L. '21, provides for the recovery of interest, but it is not applicable to the instant case. Section 7447, C. L. '21, does not provide for the recovery of interest; it merely provides, that in a case of this kind, the board of county commissioners shall refund the taxes paid without abatement or discount to the taxpayer. We think this statute plainly indicates that interest is not recoverable. We think the court erred in not allowing plaintiff for the taxes paid for the years 1913 to 1915 inclusive.

The judgment of the lower court in favor of the plain-

tiff for the taxes for the years 1912, and 1916 to 1918 inclusive, is affirmed, and the judgment in favor of the defendants for the years 1913 to 1915 inclusive, is reversed, and remanded with directions to enter judgment in favor of the plaintiff for the taxes for those years.