No. 10,750.

UNION NATIONAL BANK OF GREELEY *v.* BOARD OF COMMISSIONERS OF WELD COUNTY, ET AL.

Decided April 7, 1924. Rehearing Denied May 5, 1924.

Action to recover taxes paid under protest. Judgment of dismissal.

*Affirmed.*

1. TAXES AND TAXATION—*Refund—Procedure.* Neglect of a taxpayer to apply for relief from erroneous taxation to the superior governmental bodies, is conclusive against his right to a court action for such relief.

*Error to the District Court of Weld County, Hon. George
H. Bradfield, Judge.*

Mr. HARRY N. HAYNES, Mr. RALPH L. DOUGHERTY, for
plaintiff in error.

Mr. WILLIAM R. KELLY, Mr. RUSSELL W. FLEMING, At-
torney General, Mr. CHARLES ROACH, Deputy, for defend-
ants in error.

*Department Three.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

THIS is an action by the Union National Bank of Greeley
against the board of county commissioners of Weld county
to recover excessive taxes for the years 1913 and 1914,
with interest and penalties, which it paid to the county
treasurer under protest.   The action is based on section
7447, C. L. 1921.   In *Kendrick v. A. Y. & M. Co.,* 63 Colo.
214, 164 Pac. 1161, it was held that a writ of injunction
would not lie to restrain the collection of such a tax, but
that the statute cited provides a plain, complete and ade-
quate remedy at law for a taxpayer to recover from the
county a tax which shall thereafter be found to be erro-
neous or illegal.   This decision, however, was not that an
action at law will lie in every case to recover the amount
of an illegal or erroneous tax paid by a taxpayer.   The
right to sue is not absolute but conditional, and in the
Kendrick Case it was held that the right was lost by fail-
ure of the taxpayer to comply with the prescribed con-
dition.

After a careful consideration of this record and a read-
ing of *Colorado Tax Commission v. Pitcher,* 56 Colo. 343,
138 Pac. 509, and *First National Bank v. Patterson,* 65
Colo. 166, 176 Pac. 498, the judgment of the district court,
in sustaining the general demurrer to the complaint and
dismissing the action, we think, was warranted.   The
Patterson Case involved taxes laid for the year 1913.
The tax there complained of was laid in precisely the same

manner as the 1913 tax involved in this action. Complaint
is also made here of the 1914 tax, but it was laid as was
the 1913 tax, and the same principle of law is applicable
to the taxes of both years. The same facts which barred
relief in the Patterson action bar relief in the instant case.
The court in that case held, as stated, that section 7447,
which is the one upon which this action is based, makes
it necessary, as an essential condition precedent, for an
aggrieved taxpayer to pay the whole tax assessed against
him and then bring an action at law for a refund, and
a suit in equity to restrain collection does not now lie. In
the Patterson Case the plaintiff bank relied upon an equi-
table and legal remedy, but the decision there was that
under the facts of that case the taxpayer was entitled to
neither. It was the horizontal raise by the state tax com-
mission and its approval by the state board of equalization
later that the taxpayer there, as here, complained of. The
court said that the law made the taxpayer cognizant of
the fact that such assessment by the assessor—with which
the taxpayer there, as here, is satisfied—was subject to
change by superior governmental agencies which were
required to meet at certain places and on certain dates
and complete their labors within a designated time. Since,
with full knowledge of the respective powers of these
boards to make corrections in assessments and adjust-
ments in equalization, the taxpayer there, as is true in
the instant case, remained inactive until long after the
tax was laid, when it applied for an abatement or rebate,
he is not entitled to relief at the hands of the courts be-
cause he neglected to avail himself of his unquestioned
right in advance of a final levy or assessment, to apply
for relief at the hands of these superior governmental
agencies. The court made no distinction between legal
and equitable relief; it said that equitable relief in no
event is available because the statute has provided an ade-
quate remedy at law, and the right to maintain the latter
was waived by negligence. The reasoning of the opinion
there, that the neglect of the taxpayer to resort to his

statutory remedy for obtaining the desired relief from the superior governmental bodies, is just as conclusive against the taxpayer's right to a suit in law as it is to invoke equitable relief. In the Patterson Case the taxpayer appeared by the same learned counsel who represents the complaining taxpayer in this case. Precisely the same objections to the validity of the tax laid in the present case were interposed in the Patterson Case. We see no escape from the conclusion that the taxpayer here may not obtain from the courts the demanded relief, unless we should overrule the Patterson decision. Necessarily we are thereby precluded from entering upon an inquiry as to the validity of the taxes complained of. The judgment is affirmed.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE SHEAFOR concur.