**GOLDSMITH, County Treasurer, et al. v. STANDARD CHEMICAL CO.***

Circuit Court of Appeals, Eighth Circuit. December 2, 1927.

No. 7737.

**1. Pleading ☞214(1)—Demurrer admits allegations of complaint.**

Allegations of complaint are admitted by demurrer.

**2. Taxation ☞543(2)—Taxpayer, filing written objections to assessment with county assessor, exhausted administrative remedy, and on overruling of objections could sue to recover taxes paid, without appealing to state courts (C. L. Colo. §§ 7291–7293).**

Where taxpayer, complaining of county assessor's increase in assessed valuation of property, presented written objections to assessor, under C. L. Colo. §§ 7291–7293, which were overruled, taxpayer exhausted administrative remedy, and was entitled to bring action in any court having jurisdiction against county commissioners to recover taxes which it paid under protest, notwithstanding failure to appeal from assessor's decision to district or county court, since appeal to courts involved judicial and not administrative proceeding.

**3. Taxation ☞543(2)—Taxpayer, who failed to appeal from assessor's overruling of objections to county tax assessment, was not required to apply to county commissioners or state tax commission as condition to maintaining suit for recovery of taxes paid (C. L. Colo. §§ 7287, 7291–7293, 7447).**

Taxpayer, filing objections with assessor under C. L. Colo. §§ 7291–7293, on account of increased assessment on property, who neglected to appeal to district or county court from assessor's decision overruling objections, was not required to apply to board of county commissioners or to state tax commission to set aside illegal assessment under section 7287, as condition to bringing action for recovery of taxes paid under protest under section 7447, where tax was levied solely by county without participation of tax commission.

**4. Taxation ☞543(8)—Taxpayer, suing to recover amount of illegal taxes paid, may not recover interest (C. L. Colo. §§ 7287, 7292, 7293, 7447).**

Taxpayer, who does not appeal to state courts from adverse decision of assessor, county board, or tax commission on objections to assessment, under C. L. Colo. §§ 7287, 7292, 7293, but pays taxes under protest and brings suit for their recovery under section 7447, may recover only amount of illegal taxes, without interest.

Scott, District Judge, dissenting.

In Error to the District Court of the United States for the District of Colorado; John Foster Symes, Judge.

Action by the Standard Chemical Company against J. W. Goldsmith, as County Treasurer of Montrose County, Colo., and

*Rehearing denied February 10, 1928.

others. Judgment for plaintiff, and defendants bring error. Affirmed.

Henry W. Catlin, of Montrose, Colo., (William L. Boatright, Atty. Gen., and Charles Roach, Deputy Atty. Gen., on the brief), for plaintiffs in error.

George L. Nye, of Denver, Colo. (Robert G. Bosworth and Lewis A. Dick, both of Denver, Colo., on the brief), for defendant in error.

Before LEWIS, Circuit Judge, and POLLOCK and SCOTT, District Judges.

LEWIS, Circuit Judge. Defendant in error, a Delaware corporation, brought this action in May, 1926, to recover from the Board of County Commissioners of Montrose County, Colorado, and Goldsmith, County Treasurer, parts of the gross amounts which it was required to pay as taxes, interest, cost and penalties levied on [1] and charged against its properties, real and personal, in that county for the years 1923, 1924 and 1925. The complaint charged that the plaintiff filed with the county assessor, within the times designated by statute, true and correct lists of all its property within the county for each of the years, showing thereon the full cash value of the different items; that the total amount of all properties so listed for the year 1923 at its full cash value was shown to be $142,939, which the assessor raised to $271,705; for the year 1924, the list showed the full cash value to be $118,377, which the assessor raised to $328,605, and for the year 1925 the full cash value as shown by the list was $118,042, which the assessor raised to $193,114. Being notified in each instance of the assessor's action the plaintiff, within the times limited, appeared before the assessor and presented to him in writing its objections to the changes and increases he had made in the schedules for the purpose of assessment and taxation. The assessor overruled the objections. The increase in the assessed valuation for each year was excessive, unjust, illegal and oppressive and plaintiff declined to pay the taxes so assessed. Afterward, under threat of distraint and sale, plaintiff paid the whole amount for each year under protest and then brought this action to recover the excess in taxes paid due to the assessor's action in increasing the valuation. The rate of levy for each year is stated in the complaint. Defendants demurred on the general ground that no cause of action was stated, also specifically, that as to each assessment it was necessary to sue before the first of January following the final action of the

assessor, which was not done. The court overruled the demurrer; and on defendants' refusal to plead further judgment was entered for plaintiff as prayed.

The issue presented here is, whether the plaintiff exhausted the administrative remedy given to it by the State statute before coming into court with the controversy. It is agreed that that must have been done. Defendant in error says it complied with the State statute when it filed with the assessor its written objections to his increases of valuations and that when he overruled those objections it had a right to sue, its administrative remedy being then exhausted. The statutes, and the decisions construing them, must be considered. In Colorado four State agencies are provided for assessment and levy of taxes. Three of them are named in the Constitution (article 10, § 15; article 14, § 8): (1) County assessors, (2) county boards of equalization, consisting of the board of county commissioners of each county, and (3) a state board of equalization; the fourth being the Colorado Tax Commission, which is purely statutory. Their inter-relation and the scope of their respective duties are fully considered in People ex rel. Colorado Tax Commission v. Pitcher, 56 Colo. 343, 138 P. 509. Both Constitution (article 10, § 15) and statute (C. L. § 7178) provide that all taxable property shall be assessed at its full cash value, and the only agencies having authority to ascertain that value in the first instance are the county assessors and the State Tax Commission. The boards of equalization, both county and state, adjust, equalize, raise or lower values within their respective jurisdictions, county boards being confined to property within the particular county and the state board acts throughout the state, bringing all property of different classes to the same standard of values. The State Tax Commission is given original power of assessment of all public utility plants and property only. It also has supervisory powers over county assessors throughout the state and may raise or lower the assessed values of real or personal property, first giving notice to the owner and fixing a time and place for hearing. It may receive complaints and examine into cases where it is claimed property subject to taxation has not been assessed or has been fraudulently, improperly or unfairly assessed; it may require the remission of taxes and penalties found to have been illegally assessed; it may correct an error in the assessment of property in any county; it prescribes blank forms to be used by county assessors throughout the State in listing and assessing property; it may require county assessors to appear before it and submit to examination under oath concerning assessments made by them and whether they have complied with the law; it exercises general supervisory powers over county assessors and county boards of equalization. Its action in raising, lowering or equalizing values for assessment purposes is subject to approval or disapproval by the State Board of Equalization. All taxable property is listed and valued each year as of the first day of April and the tax lien attaches as of that date, but is payable in the following year. The assessor is required to leave blank forms of schedule at the office or residence of the taxpayer early in each calendar year on which he must list his taxable property and set down the full cash value of each item thereof for the guidance of the assessor, except as to real estate, which is listed but not valued by the owner. This is returned to the assessor and he then values all of the property listed for taxation. Section 7291, Compiled Laws of Colorado 1921, provides:

"The assessor shall, prior to the first Tuesday in August of each year, mail to each person, association or corporation, whose property has been assessed at a valuation other than that given in the schedule filed by such person, association or corporation, a statement of any such change in valuation, and shall give notice, by publication in at least one issue of a paper published in the county seat, that on a day to be therein named he will sit to hear any and all objections to the assessment roll."

Section 7292 provides that—

"In all cases where the amount of the total assessed valuation assessed against such taxpayer exceeds the sum of $7,500 every objection and statement of grievance pursuant to the foregoing section shall be in writing, stating the particular grounds of such objection, or the particular facts wherein such grievance consists; and if such objection be overruled by the assessor, in whole or in part, he shall state briefly in writing the grounds of his refusal, and the taxpayer complaining may appeal from his decision to the district or county court of the county wherein the property is assessed on or before the first Monday in January following said assessment."

It further provides how the appeal shall be perfected, that before it is allowed the petitioner shall pay to the county treasurer the whole amount of the tax levied, and in case he

succeeds in the county or district court, in whole or in part, the treasurer shall refund such tax according to the judgment of such court, "and in all cases where any tax so collected shall be refunded, the taxpayer shall be entitled to receive interest on the amount refunded at ten per cent. per annum from the time of payment thereof." Section 7293 provides that in cases where the total assessed value does not exceed $7,500, the taxpayer's grievance shall be in writing, and if his objections be overruled by the assessor, in whole or in part, the taxpayer may appeal to the board of county commissioners of the county on or before the first Monday in January following said assessment. He shall in his petition to the board describe the property claimed to be unjustly or erroneously assessed, the sum at which assessed, its true cash value, and what would be a just assessment thereon compared with other like property. He shall also attach to his petition the written grounds of the refusal of the assessor to grant relief. The board is required to act on the petition at a regular session, it is given power to hear testimony and subpœna witnesses and to grant the prayer of the taxpayer, in whole or in part. In case the board denies relief to the taxpayer he may appeal from the decision of the board to the district court of the county. It provides how the appeal shall be perfected, that before it is allowed the petitioner must pay the whole amount assessed, and if he succeeds in the district court, in whole or in part, the county treasurer shall refund the tax, in whole or in part, according to the judgment of the district court, and he shall also receive interest on the amount refunded at ten per cent. per annum from the time of payment.

[1, 2] The demurrer admitted that plaintiff had complied with the procedure provided by sections 7291, 7292, except it was not alleged that an appeal was taken to the county or district court from the order of the assessor overruling plaintiff's written objections to increases in valuations; and it is argued that because of plaintiff's failure to take that appeal the administrative remedy was not exhausted. We think the contention unsound. If an appeal had been taken there is no suggestion in the statute that the court would have acted as an administrative body in reviewing the assessor's action. In the absence of statute indicating that the court was to act in that capacity we think it must be held that it would act judicially. The appeal was to be taken and perfected in the same way as appeals are taken from orders of boards of county commissioners disallowing claims

against the county, and in such cases there seems to be no doubt that the court would act judicially. We see no difference between the powers of the State court on appeal and those of a Federal court when the taxpayer appeals to the latter. The administrative remedy provided in these sections is at an end, we think, when the assessor overrules the objections of the taxpayer. He is then relegated to the courts for redress of his grievances, if any he has, and is at liberty to sue in any court having jurisdiction over the defendants and the subject-matter. Singer Sewing Machine Co. v. Benedict, 229 U. S. 481, 486, 33 S. Ct. 942, 57 L. Ed. 1288. For many years Colorado has had a statute permitting recovery by a taxpayer of taxes erroneously or illegally assessed against his property, after he has paid the full amount thereof. It is section 7447 in the Compiled Laws of 1921, reading in part thus:

"* * * And in all cases wherein a person shall pay any tax, interest or cost, or any portion thereof, that shall thereafter be found to be erroneous or illegal, whether the same be owing to erroneous assessment, to improper or irregular levying of the tax, or clerical or other errors or irregularities, the board of county commissioners shall refund the same without abatement or discount to the taxpayer;"

—and was section 5750 in the Revision of 1908. The procedure adopted by the plaintiff below seems to have been followed with approval in Antero Co. v. Park County, 65 Colo. 375, 177 P. 148. There the assessor added property to the schedule which the taxpayer had not listed and which he insisted was not taxable. Nevertheless, the assessor added it to the schedule, valued it and assessed it for taxation. No appeal was taken from his action and the taxpayer, after the time limited for taking an appeal, instituted its original suit and recovered to the extent of the amount of the tax assessed against the property which the assessor added to the schedule. The same procedure was followed in Antero Co. v. Commissioners, 75 Colo. 131, 225 P. 269. The suit in that case was brought several years after the assessor's ruling.

[3] It is further argued that when the taxpayer neglected to appeal to the county or district court as provided by section 7292, it was then his duty to apply either to the board of county commissioners, as a board of equalization, or to the State Tax Commission, that those were administrative remedies open to the taxpayer of which he must avail himself before bringing such a suit as

this. There are provisions in the statute apparently permitting a taxpayer to complain of erroneous and illegal assessments to the county board, and also to the State Tax Commission. But the procedure before the assessor is specifically provided for in a case of this sort, and there is no statutory requirement that he shall then go either to the county board or to the State Tax Commission if he fails in obtaining relief from the assessor. He is not required to appeal to either of those bodies in that case, and no procedure for that purpose is given in the statute. It seems to be contended that he must in turn apply first to the assessor, then to the county board, and then to the State Tax Commission. But that seems wholly inconsistent with the contention that it was his duty to appeal to one of the local courts from the action of the assessor and thus obtain final relief there, and that the taxpayer is confined to that procedure. It is strenuously urged that the contention is sustained by the opinions in First National Bank v. Patterson, 65 Colo. 166, 176 P. 498; Bank v. Commissioners, 75 Colo. 298, 225 P. 851, and First National Bank v. Weld County, 264 U. S. 450, 44 S. Ct. 385, 68 L. Ed. 784. But in each of those cases the action complained of was an increase in valuation made by the State Tax Commission, and no application was made by the taxpayer to the commission to correct its claimed error. Section 7287 gives to a taxpayer whose property has been assessed by the Colorado Tax Commission the right to file a petition or complaint with the commission charging that an illegal or erroneous assessment has been made by it. This right is also given to any board of commissioners when it be of the opinion that any assessment made by the commission is illegal, erroneous or not uniform with other assessments. The section provides for a hearing on these complaints, that its orders thereon shall be made in writing and if the commission find that there is no ground or reason for filing the petition the taxpayer may appeal from its decision to the district court or county court wherein the property is located on or before the first Monday in January following the assessment. It provides how the appeal shall be taken, and that before it be allowed the taxpayer must pay the full amount of the tax, and if he succeed on the appeal, either in whole or in part, the treasurer shall refund the tax, in whole or in part, according to the modifications that may be made by the court, and the taxpayer shall receive interest on the amount refunded at ten per cent. per annum from the time of the payment thereof. Under this section of the statute the taxpayers in the cases relied upon had a right to appeal to the commission for the correction of its claimed errors. They wholly neglected that administrative remedy and the courts denied them relief. Obviously those three cases have no application here.

[4] There is substantial difference in the relief to be given the taxpayer, depending upon whether he appeals to the State courts from the adverse action of the assessor, county board or tax commission, as provided by sections 7292, 7293, and 7287, or whether he brings his suit relying upon section 7447. If he takes his appeal either under section 7292, 7293 or 7287, he may not only recover the illegal tax which he has paid, but he shall be entitled to receive interest on the amount refunded at ten per cent. per annum from the time of payment. If he does not appeal but, relying on section 7447 later brings a suit, as here, and recovers, the board of county commissioners is required to refund him only the amount found to be illegal, without interest. It was so ruled in Antero Co. v. Commissioners, 75 Colo. 131, 225 P. 269. The Colorado Supreme Court, in First National Bank v. Patterson, supra, said: "The true meaning of section 5750 [Rev. St. 1908] [now section 7447] is to impose a liability upon the county in favor of a taxpayer who pays an illegal or erroneous tax, and a corresponding duty upon the commissioners, as agents of such county, to refund the same;" and that if a court "found" the tax to be illegal or erroneous it should be refunded to the taxpayer, although the State Tax Commission might not have assented thereto. And so it was held in that case that the taxpayer did not have a right to recover the illegal or erroneous tax which he had been required to pay, because he had not exhausted his administrative remedy by applying to the Tax Commission to correct its own error in raising the valuation. Had he applied to the commission for that correction and been denied relief, we have no doubt he would have been permitted to recover, although he might not have appealed from the commission's order, as provided in section 7287, and although he had not applied to any other administrative agency.

We think the contentions of counsel for plaintiffs in error cannot be sustained. Plaintiff below pursued the administrative course specifically provided by the statute and failed to obtain relief from the assessor. No statute directed it to then go to any other administrative agency. No other taxing agency had taken any action in the matter.

On the assessor's adverse ruling section 7292 gave the taxpayer the right to have its claim judicially determined, and it was at liberty to go into any court having jurisdiction over the controversy.

The judgment is affirmed.

SCOTT, District Judge (dissenting). I regret that I am unable to concur with the majority of the Court in the foregoing opinion. I cannot accept the conclusion that the taxpayer having complained to the assessor of a raise in valuation and been denied relief, may stop there and appeal directly to the federal court, notwithstanding it was specially provided in section 7292 of the Colorado Code, that the taxpayer might go directly to the county court. As I read the decisions referred to in the majority opinion, and particularly the opinion in First National Bank v. Weld County, 264 U. S. 450, 44 S. Ct. 385, 68 L. Ed. 784, I am constrained to the conclusion that the taxpayer must exhaust the administrative remedies given him under the statutes of Colorado. Without discussing all of the remedies apparently provided, I will content myself with saying that in my opinion sections 7322, 7334 and 7336, Compiled Laws of Colorado 1921, afford an ample administrative remedy in such cases as the one at bar. These statutes create what is known as the Colorado Tax Commission, which has all of the powers enumerated in the majority opinion, and I think those powers ample to confer jurisdiction upon the commission to hear the complaint of the taxpayer in this case, and to grant full relief. If such jurisdiction and power exists in the Colorado Tax Commission, and the taxpayer elects not to invoke the same, I am unable to see how he has exhausted his administrative remedy before resorting to the court. I think the demurrer should have been sustained, and that the judgment of the lower court should have been reversed.