## No. 12,817.

BORDNER *v.* BOARD OF COUNTY COMMISSIONERS OF BACA COUNTY.

(18 P. [2d] 323)

Decided December 27, 1932.

Messrs. GRANT, ELLIS, SHAFROTH & TOLL, for plaintiff in error.

Messrs. Arraj & Reynolds, Mr. Clarence L. Ireland, Attorney General, Mr. Charles Roach, Deputy, Mr. Fred A. Harrison, Assistant, for defendant in error.

*En Banc.*

Mr. Justice Moore delivered the opinion of the court.

William S. Bordner sued the board of county commissioners of Baca county to recover $466.22, being the total protested tax payments made during the years 1922 to 1928 inclusive upon the equity in certain school lands, contending that said taxes were based upon assessments which were void because "plaintiff owed a greater debt upon said lands than the value of said lands" and that "plaintiff did not own an equity in said lands of any value whatsoever." A demurrer to this complaint was sustained and the cause dismissed, a review of which is here sought.

The action is based upon section 7447, C. L. of '21, which provides: "In all cases where any person shall pay any tax, interest or cost, or any portion thereof, that shall thereafter be found to be erroneous or illegal, whether the same be owing to erroneous assessment, to improper or irregular levying of the tax, or clerical or other errors or irregularities, the board of county commissioners shall refund the same without abatement or discount to the taxpayer."

Section 7193, C. L. of '21 provides: "That all equities in state and school lands purchased under contract taken from the state shall, during the life of the contract, be taxed at their full cash value * * *." The validity of this statute was not questioned.

The complaint charges that plaintiff's equity in such land was taxed. Such equity is a property right notwithstanding it may have no cash value. If of no value, an assessment thereof would be merely excessive and not illegal.

█ In such circumstances the taxpayer must first seek administrative relief afforded by statute and in the absence of allegation and proof of such action cannot recover.

▪ █ Although the complaint alleges that the taxes were paid under protest, it does not contain the indispensable allegation that any administrative remedy was invoked. *First National Bank v. Patterson,* 65 Colo. 166, 176 Pac. 498; *Union. Nat. Bank v. Commissioners,* 75 Colo. 298, 225 Pac. 851; *People v. District Court,* 87 Colo. 316, 287 Pac. 849; *First Nat. Bank v. Weld County,* 264 U. S. 450, 44 Sup. Ct. 385, 68 L. Ed. 784.

Judgment affirmed.