No. 14,470.

E. A. STEPHENS AND COMPANY *v*. BOARD OF EQUALIZATION OF THE CITY AND COUNTY OF DENVER.
(92 P. [2d] 732)

Decided July 3, 1939.

Mr. MAX D. MELVILLE, Mr. FRED M. WINNER, Mr. THOMAS K. YOUNGE, for plaintiff in error.

Mr. Malcolm Lindsey, Mr. Thomas H. Gibson, for defendant in error.

*In Department.*

Mr. Justice Otto Bock delivered the opinion of the court.

In this action plaintiff in error, plaintiff below, sought to recover from defendant in error taxes paid by it under an alleged erroneous assessment, under section 281, as provided by chapter 142, '35 C. S. A. The complaint contains two causes of action, based upon personal property taxes paid for the years 1932 and 1933, respectively. In paragraphs 3 and 4 of the first cause of action it is alleged (the amounts in brackets have reference to the second cause of action):

"3. That of said $24,130 [$26,520] assessed valuation of personal property, $22,500 [$24,960], represented the valuation of merchandise owned by the plaintiff, but that such $22,500 [$24,960] assessment was erroneous, in that the true average value of plaintiff's merchandise during the 12-month period ending March 31 of the fiscal year was but $10,440 [$9,230], and the valuation of personal property upon which plaintiff should have been assessed was but $12,070 [$10,790], instead of $24,130 [$26,520], and the tax which should have been levied and paid thereon was $386.24 [$370.64], instead of $772.16 [$910.96].

"4. That although in its tax schedule for said year plaintiff did make return of $24,130 [$26,520], as the value of its personal property, nevertheless, such fact was due to clerical error and mistake, undiscovered prior to payment of the tax, such mistake being that plaintiff's bookkeeper erroneously included in the average value of merchandise for said 12-month period: (a) merchandise which had never had a taxable situs in the State of Colorado, and (b) merchandise which had been in said State

for a period less than one year from April 1, but had been truly reflected in said average value of merchandise for the period during which it had a taxable situs in Colorado.''

The pertinent provisions of section 281, supra, which are applicable to the instant litigation are as follows:

''In all cases where any person shall pay any tax, * * * or any portion thereof, that shall thereafter be found to be erroneous or illegal, whether the same be owing to erroneous assessment, to improper or irregular levying of the tax, or clerical or other errors or irregularities, the board of county commissioners shall refund the same without abatement or discount to the taxpayer.''

The demurrer of defendant in error to the complaint was sustained, and, plaintiff in error electing to stand on its complaint, the action was dismissed. Reversal is sought on assignments of error: (1) In sustaining defendant's demurrer; (2) in dismissing plaintiff's complaint; (3) in holding that the complaint does not state facts sufficient to constitute a cause of action; and (4) in holding that the district court was without jurisdiction of the subject matter of the action.

Paragraph 2 of the demurrer to both causes of action states: ''2. That neither the assessment nor levy of the taxes mentioned in said complaint was in any respect erroneous, but that the same were based upon the schedule of the plaintiff, that was voluntarily made by it, as required by the statutes in such cases made and provided, and that the only error, if any, that ever existed in any respect in relation to said tax proceedings, was an error in the plaintiff's own tax schedule of said property for taxation; that said schedule was voluntarily made by it, and to the full extent that any alleged error had any existence at all, it was due solely to the plaintiff's own negligence and not to any fault of the defendant, or any other person or persons whomsoever.''

The theory of plaintiff in error is that the facts in the complaint allege illegality; that the mistake as to taxabil-

ity was one of fact, and therefore payment of the same cannot be held to be voluntary; and that because the tax was erroneous or illegal within the meaning of section 281, supra, no allegations of compliance with procedure before any administrative agency prior to suit was necessary. Citing *Boyer Bros. v. Commissioners,* 87 Colo. 275, 288 Pac. 408.

Defendant in error, in reply to these contentions, asserts that the tax involved was not erroneous or illegal within the meaning of section 281, supra, but was an excessive valuation of merchandise over which the taxing agencies had jurisdiction; that section 281, supra, affords no relief under such circumstances; that the alleged mistake under the circumstances in this case does not render the tax paid recoverable; that since merely excessive taxation is involved plaintiff in error did not allege compliance with proper procedure for its claim for refund. Citing *Bordner v. Commissioners,* 92 Colo. 81, 18 P. (2d) 323; *Miller v. Commissioners,* 92 Colo. 425, 21 P. (2d) 714. No reply brief was filed.

■ In view of our conclusions, we deem it unnecessary to pass upon the issues raised by plaintiff in error. Solely for our purposes here, we may assume that plaintiff in error correctly states the law. We predicate our disposition of this case on paragraph 2 of the demurrer quoted above.

From paragraph 4 of the complaint, hereinbefore set out, it appears that plaintiff in error voluntarily paid the taxes in question; that the error involved was due solely to calculations contained in plaintiff in error's own tax schedule; that the schedule was voluntarily made by it; that the error was due solely to plaintiff in error's own negligence and not to any action of the taxing agencies; that the facts which show the mistake were in the sole possession of the taxpayer. Under these circumstances plaintiff in error is barred from any recovery.

As supporting this conclusion we quote the following from 61 C. J., pages 991, 992: "Taxes paid under a mis-

take of fact are recoverable, particularly if made by the revenue officers in the form of a statement to the taxpayer or in taking some official action on the correctness of which the latter has a right to rely, although it is otherwise where the mistake is made by the taxpayer himself, and is the result of his neglect of some legal duty, or where the facts which would have shown the mistake were within his own possession or within his reach.'' See, also, section 1295, Cooley on Taxation (4th ed.), p. 2582; *Dubuque R. Co. v. Board of Supervisors,* 40 Ia. 16; *Miner v. Clifton Township,* 30 S. D. 127, 137 N. W. 585; *San Diego Land & Town Co. v. La Presa School District,* 122 Cal. 98, 54 Pac. 528; *Louisana Realty Co. v. City of McAlester,* 25 Okla. 726, 108 Pac. 391; *Bateson v. Detroit,* 143 Mich. 582, 106 N. W. 1104; *Shenango Co. v. Fairfield Township,* 229 Pa. 357, 78 Atl. 937; *Pitt v. City of Stamford,* 117 Conn. 388, 167 Atl. 919; *Savings Bank of Rockville v. Wilcox,* 117 Conn. 196, 167 Atl. 713.

*Boyer Bros. v. Commissioners, supra,* was an action under section 281, supra, to recover taxes. In that case Boyer Brothers paid a tax on sheep brought from Wyoming into Colorado on a different basis than that provided by statute, which resulted in a higher tax than if the statute had been followed in fixing the value. The taxpayer sought to recover the difference. We said in that case (p. 285) : ''Having been, in part at least, responsible for the assessment in the manner described, * * * the plaintiff is in no postion to urge, as a ground for recovering the taxes paid by it, the method of assessment followed in this case.''

So in the instant case it appears from the complaint that the bookkeeper erroneously included in the average valuation of merchandise for a certain twelve-month period merchandise which had never had a taxable situs in the state of Colorado, and merchandise which had been in the state for a period of less than one year from April 1st. This valuation was placed in the tax schedule filed by the taxpayer. No person employed by the taxing

agency had any part whatsoever in fixing this valuation. It was the duty of plaintiff in error to file a correct schedule and to know what elements of value and property were listed in that schedule prepared by it. Its failure in that regard was the neglect of a legal duty resting solely upon it. To permit recovery under the facts and circumstances in the instant case would endanger the entire tax structure of the state and lead to a multiplicity of suits for refund of taxes. In reaching the conclusion announced we believe our holding to be in harmony with the great weight of authority.

The trial court committed no error in sustaining the demurrer and dismissing the action.

Judgment affirmed.

MR. CHIEF JUSTICE HILLIARD and MR. JUSTICE KNOUS concur.