COQUINA OIL CORPORATION, a Nevada Corporation, Plaintiff-Appellee and Cross-Appellant,

v.

The LARIMER COUNTY BOARD OF EQUALIZATION; the Board of County Commissioners of the County of Larimer, State of Colorado; Courtlyn W. Hotchkiss, Nona Thayer and James P. Lloyd, in their official capacity as members of the Larimer County Board of Equalization and the Board of County Commissioners of the County of Larimer, State of Colorado; the Board of Assessment Appeals of the State of Colorado; Henry F. Shriver, and F. William Beier, in their official capacity as members of the Board of Assessment Appeals; and Richard W. Green, Larimer County Assessor, Defendants-Appellants and Cross-Appellees.

No. 85CA0756.

Colorado Court of Appeals, Div. III.

March 5, 1987.

Rehearing Denied March 26, 1987.

Certiorari Granted (Coquina) Sept. 8, 1987.

Downey & Murray, Thomas E. Downey, Jr., Gina Swets, Kurt G. Stiegelmeier, Englewood, for plaintiff-appellee and cross-appellant.

Hall & Evans, Alan Epstein, Denver, for State defendants-appellants and cross-appellees.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Larry Williams, Asst. Atty. Gen., Denver, for defendant-appellant Bd. of Assessment Appeals of the State of Colorado.

Harden, Schmidt & Hass, P.C., George H. Hass, Fort Collins, for defendants-appellants Bd. of Equalization of the County of Larimer and the Larimer County Assessor, Richard Green.

STERNBERG, Judge.

This appeal of a property tax assessment ruling presents the following question: If an assessor increases the valuation of a taxpayer's property based on data provided by the taxpayer and no challenge is made to the increased valuation under the over-assessment statute and the tax is paid, may the taxpayer invoke the refund statute upon discovery that the data it submitted was erroneous? We hold that the refund statute is inapplicable and therefore reverse the judgment of the trial court which reached a contrary conclusion.

Coquina Oil Corporation owns oil wells and gas leases in Larimer County. It reported the 1981 production revenue figures from its leases to the assessor as required

by statute. The assessor calculated the assessed valuation of the production and the taxes thereon based on the production figures provided by Coquina. This computation resulted in an increased assessed valuation for the leases and notice of the increase was mailed to Coquina on June 14, 1982. Coquina did not protest the notice. Instead, on February 22, 1983, Coquina paid the taxes due as assessed.

On or about April 19, 1983, Coquina discovered that its accountants had erred in the 1981 production revenue figures they had reported. Shortly thereafter, Coquina informed the assessor's office of the error in reporting, submitted corrected production figures, and requested permission to file for an abatement or a refund pursuant to § 39–10–114, C.R.S. (1982 Repl.Vol. 10B). The assessor recommended disapproval and the Board of Equalization denied the refund. The Board of Assessment Appeals affirmed the decision, but on C.R. C.P. 106 review the district court held that Coquina was entitled to a refund of $66,-422.10 plus interest.

A taxpayer's remedy with respect to taxes that have been erroneously or illegally levied is to petition the Board of County Commissioners for a refund under §§ 39–1–113 and 39–10–114, C.R.S. (1982 Repl. Vol. 16B). This procedure may be employed only when an assessment is "wholly illegal or entirely erroneous and incapable of adjustment, or ... if the taxpayer first becomes aware of the excessive charges after the statutory deadlines set forth in § 39–5–122 have expired." *Alpenrose Unit Week Ass'n v. Board of Assessment Appeals*, 713 P.2d 932 (Colo.App.1985).

As in *Alpenrose*, the taxpayer here has not sustained the burden of showing the tax was illegal or erroneous in its entirety. *See Simmons v. Board of County Commissioners*, 146 Colo. 392, 361 P.2d 769 (1961); *Schmidt-Tiago Construction Co. v. Property Tax Administrator*, 687 P.2d 528 (Colo.App.1984).

Moreover, we find unpersuasive Coquina's argument that it first became aware of the excess tax after expiration of the deadline set forth in § 39–5–122, C.R.S. (1982 Repl.Vol. 16B). Simply stated, that information was always within the hands of Coquina's employees. The figures necessary to cure the error were contained in its own records. Its employees' performance of other tasks is not a legally sufficient excuse for noncompliance with the time limits of the over-assessment statute. § 39–5–122.

In a case involving an in-house bookkeeping error resulting in a higher tax to the taxpayer, *E.A. Stephens & Co. v. Board of Equalization*, 104 Colo. 556, 92 P.2d 732 (1939), the supreme court applied the statutes strictly as written to preclude granting relief to the taxpayer. It noted that:

"No person employed by the taxing agency had any part whatsoever in fixing this valuation. It was the duty of the [taxpayer] to file a correct schedule and to know what elements of value in property were listed in that schedule prepared by it. Its failure in that regard was the neglect of a legal duty resting solely upon it."

The court then provided the following rationale for its decision which is equally applicable here:

"To permit recovery under the facts and circumstances in the instant case would endanger the entire tax structure of the state and lead to a multiplicity of suits for refund of taxes. In reaching the conclusion announced we believe our holding to be in harmony with the great weight of authority."

Our decision herein makes it unnecessary to address Coquina's cross-appeal which alleged that the trial court erred in dismissing its claim brought under 42 U.S.C. § 1983 and the judgment against it is affirmed.

The judgment in favor of Coquina is reversed, and the cause is remanded with directions to dismiss the complaint.

VAN CISE and CRISWELL, JJ., concur.