**AMOCO PRODUCTION COMPANY,**
**Plaintiff–Appellant,**

v.

**The BOARD OF ASSESSMENT APPEALS OF the STATE OF COLORADO; the Board of County Commissioners of the County of Adams; Steven R. Cramer, Leo M. Younger, Jr., and Ron D. Nichol, in their official capacity as members of the Board of County Commissioners of the County of Adams, and Pat Reale, Adams County Assessor, Defendants–Appellees.**

No. 88SA65.

Supreme Court of Colorado,
En Banc.

March 20, 1989.

Rehearing Denied April 17, 1989.

Sayre, Ankele & Icenogle, T. Edward Icenogle, Daniel B. Slattery, Englewood, for plaintiff-appellant.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Larry A. Williams, First Asst. Atty. Gen., Denver, for defendant-appellee Bd. of Assessment Appeals.

Charles P. Singer, Adams County Atty., Michael C. Kaminski, James D. Robinson, Asst. County Attys., Brighton, for defendants-appellees Bd. of County Com'rs for the County of Adams, and the Adams County Assessor.

VOLLACK, Justice.

Amoco Production Company (Amoco) appeals the judgment of the Adams County District Court affirming the Colorado State Board of Assessment Appeals (BAA) decision to deny Amoco's request for a refund of $97,710.38 in property taxes pursuant to section 39–10–114(1)(a), 16B C.R.S. (1982). Based on our holding in *Coquina Oil Corp. v. Larimer County Board of Equalization,* 770 P.2d 1196 (Colo.1989), we affirm the judgment of the district court.

I.

The facts are undisputed. Amoco erroneously computed revenue figures for its Poncho "J" Sand Unit in preparing the *ad valorem* tax rendition schedule it was required by law to submit to the Adams County Assessor for the 1983 tax year.[1] Based on the rendition schedule filed by Amoco, the county assessor computed the tax on the property and sent Amoco a notice of increased valuation. Amoco did not discover its error within the time for protesting an assessment described in section 39–5–122, 16B C.R.S. (1982), and paid the tax when it was due. Amoco notified the Adams County Board of Commissioners (county board) as soon as it learned of the error and filed a petition for abatement and refund of taxes pursuant to section 39–10–114(1)(a) on December 3, 1985, claiming that the error was a "clerical error."

1. The Poncho "J" Sand Unit is an oil producing property in Adams County. The erroneous calculation of revenue arose because an Amoco employee misinterpreted a computer printout and recorded most of the production information twice. As a result, Amoco overpaid its 1983 *ad valorem* tax by $97,710.38.

The county board denied Amoco's claim because the error was made solely by Amoco and because Amoco failed to protest the assessment during the protest period described in section 39–5–122.

Amoco appealed to the BAA on January 15, 1986. The BAA affirmed the county board. In reliance on *E.A. Stephens & Co. v. Board of Equalization,* 104 Colo. 556, 92 P.2d 732 (1939), the BAA concluded that Amoco could not obtain relief under the "clerical error" provision of section 39–10–114(1)(a) because the error was due solely to Amoco's misreporting of revenue figures. It also concluded that Amoco could not obtain relief under the "illegal or erroneous" provision of section 39–10–114(1)(a) because the taxing authority properly calculated the tax from the figures provided by Amoco.

Amoco sought judicial review of the BAA decision in the Adams County District Court. The taxing authority moved for summary judgment. The district court granted summary judgment on May 11, 1987.

We accepted Amoco's appeal because of its similarity to *Coquina Oil Corp. v. Larimer County Board of Equalization,* 742 P.2d 932 (Colo.App.1987), a case on which we had already granted certiorari.

## II.

Protests concerning valuations of taxable real property are regulated under section 39–5–122. An overvaluation of taxes must be protested within the time prescribed in section 39–5–122. A taxpayer may, however, seek a refund under section 39–10–114 for errors remedied under section 39–5–122 in at least three circumstances: first, when the taxpayer does not learn of an assessment increase until after the time to protest under section 39–5–122 has passed, *see Modular Communities, Inc. v. McKnight,* 191 Colo. 101, 102, 550 P.2d 866, 867 (1976); second, when the taxpayer is denied an opportunity to protest because the tax was increased by someone other than the original assessor after the time to protest under section 39–5–122 has passed, *see Lamm v. Barber,* 192 Colo. 511, 523–

24, 565 P.2d 538, 547 (1977); and third, when another similarly situated taxpayer follows the protest procedure of section 39–5–122 and obtains a final determination that the assessment is partially illegal, *see Board of Assessment Appeals v. Benbrook,* 735 P.2d 860, 868 (Colo.1987). *See generally Gates Rubber Co. v. State Bd. of Equalization,* 770 P.2d 1189, 1193–1194, (Colo.1989). None of these circumstances is present in this case.

Section 39–10–114(1)(a) provides in part:

If taxes have been levied erroneously or illegally, whether due to erroneous valuation for assessment, irregularity in levying, or *clerical error,* the treasurer shall report the amount thereof to the board of county commissioners, who shall proceed to abate such taxes in the manner provided by law.

16B C.R.S. (1982) (emphasis added).

In *Coquina Oil Corp. v. Larimer County Board of Equalization,* 770 P.2d 1196, we addressed whether a taxpayer may recover a refund under the "clerical error" provision of section 39–10–114 after the time to protest under section 39–5–122 has passed. We held that a taxpayer may not recover a refund under the clerical error provision of section 39–10–114 when the error is due solely to the taxpayer. Instead, the taxpayer must discover the error and protest within the time prescribed in section 39–5–122. 770 P.2d at 1201.

In this case, Amoco was the sole cause of the erroneous overpayment. It failed to discover the error and protest within the time prescribed in section 39–5–122. As a result, we hold that Amoco may not seek relief under section 39–10–114(1)(a).

The judgment of the district court is affirmed.

ERICKSON, J., dissents.

LOHR and KIRSHBAUM, JJ., join in the dissent.

ERICKSON, Justice, dissenting:

I respectfully dissent. Today the court announces two cases that extend *Coquina Oil Corp. v. Larimer County Board of Equalization,* 770 P.2d 1196 (Colo.1989).

This case, and its companion decision, *Aurora Plaza & Conference Center v. State Board of Assessment Appeals*, 770 P.2d 1204 (Colo.1989), create a barrier to taxpayer recovery of an erroneous overpayment that ignores the plain wording of section 39–10–114, 16B C.R.S. (1982). For the reasons set forth in my dissent to *Coquina Oil Corp. v. Larimer County Board of Equalization,* I dissent to the majority opinion's denial of the right of a taxpayer to recover an overpayment of taxes that was the result of a clerical error. In my view, the legislature, in enacting section 39–10–114, did not intend to circumscribe the taxpayer's right to recover an overpayment of taxes as the majority opinion does. It is fundamentally unfair to subject a taxpayer to a series of penalties for clerical errors resulting in an underpayment of taxes, and to prohibit recovery of an overpayment of taxes that is also the result of clerical errors. Limiting recovery of a refund to the three circumstances set out in the majority opinion, at 1208, ignores the plain wording of section 39–10–114, severely limits our holding in *Board of Assessment Appeals v. Benbrook,* 735 P.2d 860 (Colo.1987), and is not compelled or supported by the decisions cited in the opinion.

I am authorized to say that Justice LOHR and Justice KIRSHBAUM join in this dissent.