**AURORA PLAZA & CONFERENCE CENTER, LTD., a Colorado Limited Partnership, doing business as Ramada Renaissance, and Aurora Hotel Venture, a Colorado joint venture, doing business as Ramada Renaissance, Petitioners,**

**v.**

**The BOARD OF ASSESSMENT APPEALS OF the STATE OF COLORADO; Henry F. Shriver, Joy C. Carpenter and James T. McDonald, in their official capacity as members of the Board of Assessment Appeals of the State of Colorado; and Mary Ann Maurer, in her official capacity as the Property Tax Administrator for the State of Colorado, Respondents.**

No. 87SC457.

Supreme Court of Colorado,
En Banc.

March 20, 1989.

Rehearing Denied April 10, 1989.

Downey & Murray, P.C., Thomas E. Downey, Jr., Kate E. Knickrehm, Englewood, for petitioners.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Larry A. Williams, First Asst. Atty. Gen., Denver, for respondent Bd. of Assessment Appeals.

Stephen H. Kaplan, City Atty., Robert F. Strenski, Asst. City Atty., Denver, for amicus curiae for the City and County of Denver and Alan Charnes.

VOLLACK, Justice.

Aurora Plaza & Conference Center, Ltd. (Aurora Plaza) appeals the judgment of the court of appeals in *Aurora Plaza & Conference Center, Ltd. v. Board of Assessment Appeals*, No. 86CA0215 (Colo.App. 1987) (not selected for official publication), which denied Aurora Plaza's request for a refund of $35,901.80 in 1982 and 1983 property taxes pursuant to section 39–10–114(1)(a), 16B C.R.S. (1982). Based on our holding in *Coquina Oil Corp. v. Larimer County Board of Equalization*, 770 P.2d 1196 (Colo.1989), we affirm the judgment of the court of appeals.

I.

Aurora Plaza is a Colorado limited partnership owning real property in Arapahoe County commonly known as the Ramada Renaissance Hotel. In 1982 and 1983, Aurora Plaza included certain leasehold improvements in both real property tax schedules and personal property tax schedules. Based on these schedules, the Arapahoe County Assessor calculated Aurora Plaza's real and personal property taxes. Aurora Plaza received timely notices of assessment for both 1982 and 1983. Aurora Plaza paid the taxes when they were due without discovering that it had overpaid its 1982 taxes by $15,981.66 and overpaid its 1983 taxes by $19,920.14. Aurora Plaza learned of the overpayments when the assessor's office conducted a routine audit in November 1983 and determined that the leasehold improvements should have been assessed as real property only. Aurora Plaza discovered the error after the time to protest an overvaluation of tax under section 39–5–122, 16B C.R.S. (1982), had passed.

Aurora Plaza sought a refund of $35,901.80 in taxes from the Arapahoe County Board of Commissioners (board) in December 1983 pursuant to section 39–10–114(1)(a). The board recommended that the Arapahoe County Property Tax Administrator (administrator) approve the request for a refund. The administrator, however, disapproved the refund request in May 1984 because the error was made solely by Aurora Plaza and because Aurora Plaza failed to protest the assessment during the protest period prescribed in section 39–5–122, 16B C.R.S. (1982).

Aurora Plaza appealed to the Colorado State Board of Assessment Appeals (BAA) in June 1984 pursuant to section 39–2–125(1)(b), 16B C.R.S. (1982). The BAA affirmed the decision of the board. It found that Aurora Plaza had failed to provide "conclusive" proof that the property had been taxed twice, and denied the refund because Aurora Plaza committed the error and because the assessor properly considered the declarations as reported.

Aurora Plaza sought judicial review of the BAA decision in the Arapahoe County District Court pursuant to section 24–4–106, 10A C.R.S. (1988). The district court reversed the decision of the BAA in January 1986. It found that Aurora Plaza had met its burden of showing by a preponderance of the evidence that there was a double assessment of taxes in 1982 and 1983. The district court concluded that the double assessment was "illegal and erroneous," entitling Aurora Plaza to relief under section 39–10–114(1)(a).

The BAA appealed to the court of appeals. The court of appeals reversed the judgment of the district court in an unpublished opinion. Although it disagreed with the BAA that Aurora Plaza was required to exhaust its administrative remedies by protesting within the time limits described in section 39–5–122, the court of appeals concluded under *E.A. Stephens & Co. v. Board of Equalization*, 104 Colo. 556, 92 P.2d 732 (1939), that a taxpayer who caused the double assessment may not recover a refund under section 39–10–114(1)(a).

II.

■ Protests concerning valuations of taxable real property are regulated under section 39–5–122. A taxpayer who believes property has been twice valued must protest the assessment within the time prescribed in section 39–5–122. A taxpayer may, however, seek a refund under section 39–10–114 for errors remedied under sec-

tion 39–5–122 in at least three circumstances: first, when the taxpayer does not learn of an assessment increase until after the time to protest under section 39–5–122 has passed, *see Modular Communities, Inc. v. McKnight,* 191 Colo. 101, 102, 550 P.2d 866, 867 (1976); second, when the taxpayer is denied an opportunity to protest because the tax was increased by someone other than the original assessor after the time to protest under section 39–5–122 has passed, *see Lamm v. Barber,* 192 Colo. 511, 523–24, 565 P.2d 538, 547 (1977); and third, when another similarly situated taxpayer follows the protest procedure of section 39–5–122 and obtains a final determination that the assessment is partially illegal, *see Board of Assessment Appeals v. Benbrook,* 735 P.2d 860, 868 (Colo.1987). *See generally Gates Rubber Co. v. State Bd. of Equalization,* 770 P.2d 1189, 1193–1194 (Colo.1989); *Amoco Prod. Co. v. Board of Assessment Appeals,* 770 P.2d 1207, 1208 (Colo.1989). None of these circumstances is present in this case.

> Section 39–10–114(1)(a) provides in part: If taxes have been levied erroneously or illegally, whether due to erroneous valuation for assessment, irregularity in levying, or *clerical error,* the treasurer shall report the amount thereof to the board of county commissioners, who shall proceed to abate such taxes in the manner provided by law.

16B C.R.S. (1982) (emphasis added).

 In *Coquina Oil Corp. v. Larimer County Board of Equalization,* 770 P.2d 1196, we addressed whether a taxpayer may recover a refund under the "clerical error" provision of section 39–10–114 after the time to protest under section 39–5–122 has passed. We held that a taxpayer may not recover a refund under the clerical error provision of section 39–10–114 when the error is due solely to the taxpayer. Instead, the taxpayer must discover the error and protest within the time prescribed in section 39–5–122. 770 P.2d at 1201.

In this case, Aurora Plaza was the sole cause of the erroneous overpayment. It failed to discover the error and protest within the time prescribed in section 39–5–122. As a result, we hold that Aurora Plaza may not seek relief under section 39–10–114(1)(a).

The judgment of the court of appeals is affirmed.

ERICKSON, J., dissents.

LOHR and KIRSHBAUM, JJ., join in the dissent.

ERICKSON, Justice, dissenting:

I respectfully dissent. This is yet another denial of a taxpayer's right to recover an overpayment of taxes due to clerical error under section 39–10–114, 16B C.R.S. (1982). The majority opinion is supported in part by *Coquina Oil Corp. v. Larimer County Board of Equalization,* 770 P.2d 1196 (Colo.1989). For the reasons set forth in my dissent to *Coquina Oil Corp.,* I dissent in this case.

I dissent because the majority has imposed unreasonable limitations on a taxpayer's right to recovery of an overpayment of taxes under section 39–10–114 in this case and in *Amoco Production Company v. State Board of Assessment Appeals,* 770 P.2d 1207 (Colo.1989). In my view, limiting and denying recovery under section 39–10–114 except for the three circumstances set out in the majority opinion ignores the plain wording of the statute and is not supported by the prior decisions of this court. The limitations imposed by the majority for recovery under section 39–10–114, unduly restricts recovery under the clear language in *Board of Assessment Appeals v. Benbrook,* 735 P.2d 860 (Colo. 1987).

I am authorized to say that Justice LOHR and Justice KIRSHBAUM join in this dissent.