**MARTIN MARIETTA CORPORATION, Petitioner,**

v.

**DIVISION OF EMPLOYMENT AND TRAINING, DEPARTMENT OF LABOR AND EMPLOYMENT and The Industrial Claim Appeals Office of the State of Colorado, Respondents.**

**No. 89CA0585.**

Colorado Court of Appeals,
Div. III.

Nov. 2, 1989.

Holme Roberts & Owen, Katherine J. Peck, Denver, for petitioner.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Karen E. Leather, Asst. Atty. Gen., and Denver, for respondents.

Opinion by Judge STERNBERG.

Martin Marietta Corporation (employer) seeks review of a final order of the Industrial Claim Appeals Office (Panel) which denied employer's request that interest be paid on overpaid unemployment compensation taxes that were refunded by the Division of Employment and Training (Division). We affirm.

Employer paid a delinquency assessment on its unemployment compensation taxes that was later determined to be in error. The Division refunded the overpayment but, pursuant to § 8–79–108(1), C.R.S. (1986 Repl.Vol. 3B), denied employer's request that interest be paid on the refunded amounts. The Panel affirmed the hearing officer's denial of the request for interest on the refunded monies.

On review, employer contends that the Panel erred in denying its request for interest pursuant to § 8–79–108(1). We disagree.

Section 8–79–108(1) provides, in pertinent part:

"An employing unit may file a written application for refund of money *paid erroneously,* and, if the division determines that such payment, or any portion thereof, was *paid erroneously,* the division shall either issue to the employing unit a credit memo therefor, or make a refund thereof, in either event without interest thereon." (emphasis added)

Employer argues that the emphasized statutory language precludes the payment of interest on monies erroneously *paid* by a taxpayer, but does not preclude the payment of interest on monies erroneously *assessed* or *collected* by the Division. In other words, it contends that, if the refund is occasioned by an employer's mistake or fault, then the statutory section applies. If the refund occurred, however, because of the Division's mistake or fault, the section does not apply.

Employer then argues that because the evidence shows that the Division "erroneously assessed" the delinquency assessment, then employer could not have "erroneously paid" the assessment. Since employer did not "erroneously pay" the delinquency assessment, then employer reasons § 8–79–108(1) does not apply and it is entitled to interest on the refunded amounts.

We disagree with employer's interpretation and application of the statute for two reasons.

First, the language of the statute does not condition the nonpayment of interest upon the determination of who was at fault in creating the overpayment leading up to the refund. We may not engraft such a requirement onto the statutory language. We hold that the language "paid erroneously" refers to payments made as a result of either the taxpayer's or the Division's error. Such a construction avoids the strained interpretation urged by employer. *Harding v. Industrial Commission,* 183 Colo. 52, 515 P.2d 95 (1973).

Second, employer could not receive interest on the overpayment because no statute permits such recovery. *See Antero & Lost Park Reservoir Co. v. Board of County*

*Commissioners,* 75 Colo. 131, 225 P. 269 (1924) (taxpayer entitled to judgment for taxes paid erroneously but interest not recoverable because not allowed by refund statute).

We also hold, contrary to employer's contention, that the denial of interest does not violate the due process clauses of the State or Federal Constitutions. Only the legislature can direct the assessment of interest against the state. *United States v. North Carolina,* 136 U.S. 211, 10 S.Ct. 920, 34 L.Ed. 336 (1890); *Stewart & Grindle, Inc. v. State,* 524 P.2d 1242 (Alaska 1974). The statute here does not so authorize; thus, the state may not pay interest. *See State Highway Department v. Dawson,* 126 Colo. 490, 253 P.2d 593 (1953) and *Antero & Lost Park Reservoir Co. v. Board of County Commissioners, supra.*

Order affirmed.

CRISWELL and MARQUEZ, JJ., concur.