Mr. Justice McWilliams
delivered the opinion of the Court.
We shall refer to the parties as they appeared in the trial court, where plaintiffs in error were plaintiffs and defendant in error was defendant.
The parties initiated three separate actions in the trial court upon three agreed statements of fact, as provided for by Rule 7 (d), R.C.P. Colo. From these statements the following facts are ascertained. Plaintiffs are owners of certain real property situate in Jefferson County, which property is used as trailer courts. The County Assessor in the year 1957 assessed plaintiffs’ property in the same manner as like land situate in the same general neighborhood was assessed, even though such other land was not used as trailer courts. In 1958 the Assessor adopted a new and different method of assessing land used as a trailer court, the result being that the assessed value of plaintiffs’ land was greatly increased. In each instance the plaintiffs first protested the increased assessment to the County Assessor, who after a hearing denied all protests. Plaintiffs then appealed to the Board of County Commissioners, sitting as the Board of Equalization, and after hearing the Board of Equalization also overruled plaintiffs’ protest. Plaintiffs did not appeal the decision of the Board of Equalization to the District Court as provided by C.R.S. ’53, 137-3-38, but rather paid the 1958 general property tax upon the property involved under protest.
From the agreed statement it is also learned that all other owners of land used as trailer courts in Jefferson County also received similar increases in their assessment. Certain other owners whose protests had been successively overruled by the County Assessor and the Board of Equalization appealed to the District Court before the first Monday in January following the assessment, as provided by C.R.S. ’53, 137-3-38, and paid the taxes so assessed under protest. On September 14, 1959, *394 the court declared the assessments so appealed to be grossly excessive and accordingly reduced the 1958 assessments and entered judgments in favor of the property owners against the Board of County Commissioners for the amount of taxes paid in excess of the lawful assessment.
Following determination of those actions plaintiffs petitioned defendant, not for recovery of the entire amount of the taxes paid for 1958, but for a refund in an amount representing the alleged illegal increase in their assessment for 1958 over 1957. Their petitions being denied, the plaintiffs on February 25, 1960, instituted the present actions by filing with the trial court the agreed statements of facts above referred to. Three separate actions were brought by plaintiffs against the Board of County Commissioners, which by agreement were consolidated for purposes of trial, and writs of error to the judgments of dismissal duly entered by the trial court are consolidated for consideration in this Court.
In dismissing the claims for refund the trial court held that the remedy of a taxpayer who believes that his real property has been over-valued and therefore over-assessed by the County Assessor is found under C.R.S. ’53, 137-3-37 and 38, and that where, as here, the only complaint is that the assessment is excessive, the taxpayer cannot maintain an action under C.R.S. ’53, 137-12-15. In so holding the trial court was correct.
The stipulated facts present a case of alleged over-valuation of real property, and not that of a tax levy wholly illegal or invalid. The plaintiffs tacitly recognize such to be true since they do not seek recovery of the entire tax paid by them, but only that portion thereof resulting from the alleged over-assessment. While the factual situation presented here has not been before this Court in its exact present form, the Court has nevertheless on several occasions considered the general problem of relief available to one who feels that his real property has been over-valued by the County *395 Assessor. In Hays v. City and County of Denver, 127 Colo. 154, 254 P. (2d) 860, a problem completely dissimilar to that in the instant case was considered; nevertheless recognition and affirmation was given to the remedy provided by statute for a taxpayer who believes his property has been over-assessed. The Court in that case stated: “Sections 114 and 116, chapter 142, ’35 C.S.A. as amended by chapter 158 S.L. Colo. ’53 [same as C.R.S. ’53, 137-3-37, 38] set out the procedure to be followed by a taxpayer who feels his property has been assessed too high. If no relief be had before the assessor, he may then have the matter reviewed by the County Board of Equalization. In the advent of an adverse holding then, he may appeal to the District Court. Full and complete remedies are provided by statute and these remedies must be pursued by a property owner who feels aggrieved(Emphasis ours.) In the instant case plaintiffs each had the statutory right to appeal the ruling of the Board of Equalization to the District Court “on or before the 1st Monday in January following said assessment. * * * ” They did not do so within the time prescribed by the statute and by their own inaction have lost their remedy. Having learned that other taxpayers similarly situated had appealed to the district court within the time permitted by our statute and had obtained substantial relief, they then sought to gain the same result by proceeding under C.R.S. ’53, 137-12-15, providing, in part, as follows: “ * * * where any person shall pay any tax * * * which thereafter shall be found to be erroneous or illegal, whether the same be due to erroneous assessment, to improper or irregular levying of the tax, or to clerical or other errors or irregularity, the Board of County Commissioners * * * shall refund the same without abatement or discount to the taxpayer.” (Emphasis ours.) In rejecting the contention that a taxpayer who feels his property is over-valued has two remedies, i.e., C.R.S. ’53, 137-3-38, or C.R.S. ’53, 137-12-15, this Court in Miller v. Board of County Com *396 missioners, 92 Colo. 425, 21 P. (2d) 714, said: “That since said sections * * * were both portions of the same act, passed at the special session of the General Assembly in 1902, it could not have been the intent of the Legislature to provide two methods of procedure for the same wrong, growing out of the same facts * * Also in Northcutt v. Burton, 127 Colo. 145, 254 P. (2d) 1013, the term “erroneous assessment” was defined as “more than mere over-assessment and refers to a tax levy that for any reason is wholly illegal or invalid.” In the same case it was said that the statutory remedy provided by C.R.S. ’53, 137-3-38, applies “when property has been * * * assessed too high.” See, also, Weidenhaft v. Board of County Commissioners, 131 Colo. 432, 283 P. (2d) 164, where it is said: “ * * * one who attempts to maintain a proceeding for a tax refund pursuant to the statute above cited [C.R.S. ’53, 137-1-22], has the burden of showing that the tax was illegally laid, is' erroneous in its entirety, and incapable of adjustment. If the property be assessed too high, or illegally assessed because of error capable of adjustment, then the administrative remedies must be pursued.” See, also, South Broadway National Bank of Denver v. City and County of Denver, 51 F. (2d) 703. The trial court was correct in holding that under the present circumstances plaintiffs’ only remedy was that provided in C.R.S. ’53, 137-3-37 and 38, and that by their inaction plaintiffs had lost even the right, inasmuch as they failed to appeal the adverse decision of the Board of Equalization to the District Court on or before the first Monday in January following the assessment.
The Court is cognizant of the fact that C.R.S. ’53, 137-12-15, was enacted by the General Assembly of 1957. However, all sections of this article are largely re-enactments of earlier statutes. Specifically C.R.S. ’53, 137-12-15, is a counterpart of C.R.S. ’53, 137-1-22, and C.R.S. ’53, 137-1-22, 137-3-37 and 38, were all adopted by the General Assembly in 1902.
The judgments are affirmed.
*397 Mr. Justice- Frantz and Mr. Justice Day not participating.
Mr. Justice Doyle dissents.