## · No. C-731

**Modular Communities, Inc., a Colorado corporation v. Allan R. McKnight, Adams County Treasurer; Pat Reale, Adams County Assessor, and The Board of County Commissioners of the County of Adams**

(550 P.2d 866)

Decided June 7, 1976.

Tallmadge, Tallmadge, Wallace and Hahn, David J. Hahn, C. Thomas Bastien, for petitioner.

Berger & Rothstein, P.C., David Berger, for respondents.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

We granted certiorari to review a decision of the court of appeals in which Modular Communities, Inc. (taxpayer) was held not to be entitled to the return of a portion of its 1971 property taxes paid under protest to the county treasurer. *Modular Communities, Inc. v. McKnight*, 36 Colo. App. 38, 536 P.2d 1168 (1975). We affirm the judgment.

Taxpayer, petitioner herein, is the owner of a mobile home park in Adams county. In May 1971, the county assessor, respondent herein, (the county treasurer and board of county commissioners are also respondents) mailed a notice of assessed valuation on taxpayer's property for the year 1971. The notice indicated that the assessed valuation had increased from $36,950 in 1970 to $192,320 in 1971.

On or about January 1, 1972, taxpayer received a county treasurer's tax notice showing a total valuation of $352,050 upon which an *ad valorem* tax of $39,450.72 was due. The valuation figure shown on the tax notice was $159,730 greater than the amount shown on the assessor's notice, which had been received seven months earlier.

Taxpayer paid the entire amount and thereafter filed an action in district court seeking a refund of $16,635.49, representing the amount it had paid under protest (the tax based on the $159,730 difference in assessment values between the amounts on the original assessor's notice and the subsequent tax notice).

The trial court ruled against the taxpayer, concluding that a clerical error had occurred in transcribing the value of the property from the assessor's records onto the assessment notice. The court further noted that the assessor's records always contained the correct (higher) figures and were properly certified on the tax assessment roll that was sent to the county treasurer. The court noted that taxpayer's complaint did not allege that the assessment reflected in the tax notice was either erroneous or excessive. The latter finding in our view is most significant.

The court of appeals affirmed the trial court, with one judge specially concurring and one judge dissenting.

Taxpayer argues that the erroneous assessment notice invalidates any tax on the difference between the values stated on that notice and the subsequent tax notice. Reliance is placed on 1965 Perm. Supp., C.R.S. 1963, 137-5-21[1]: that the failure to provide timely notice of the correct amount of the increase in valuation deprived taxpayer of the right to administrative or judicial relief. That is not the case.

We read the provisions of 1965 Perm. Supp., C.R.S. 1963, 137-10-14[2] to provide taxpayer relief from the overassessment of his property in situations where his knowledge of the excessive charge is acquired subsequent to the usual statutory deadlines for protests. See 1965 Perm. Supp., C.R.S. 1963, 137-5-22.[3]

The logical inference to be drawn from taxpayer's argument is that the mailing of an erroneous assessment notice irrevocably fixes the incorrect and lower valuation as the true base figure. According to taxpayer, the assessor or treasurer is thereafter prohibited from establishing the correct assessed valuation after the annual June first deadline is passed for sending increase notices. See section 137-5-21.

The statutes indicate otherwise. 1965 Perm. Supp., C.R.S. 1963, 137-5-25[4] expressly authorizes the assessor and treasurer to correct errors in the assessment roll at any time, before or after, the treasurer receives the tax warrant.

Further, as the lower courts noted, taxpayer failed to allege that the valuation reflected in the tax notice was either excessive or erroneous. We hold that the statutory requirements set forth in section 137-5-22 are mandantory only if an aggrieved taxpayer can show that noncompliance by county officials has deprived him of an opportunity for a hearing or other rights which he might otherwise have had. *See Northcutt v. Burton*, 127 Colo. 145, 254 P.2d 1013 (1953); *Citizens' Committee for Fair Property Taxation v. Warner*, 127 Colo. 121, 254 P.2d 1005 (1953); *Tallon v. Vindicator Consolidated Gold Mining Co.*, 59 Colo. 316, 149 P. 108 (1915). Since taxpayer had no grievance as to the assessed valuation, it had no valid complaint about the improper notice and the objection to the levy is purely academic.

As we stated in *Haley v. Elliott*, 20 Colo. 379, 38 P. 771 (1894):
". . . These rules were purposely framed so that technical objections, without substantial merit, should not interfere with the collection of the public revenue.

---

[1]Now section 39-5-121, C.R.S. 1973.
[2]Now section 39-10-114, C.R.S. 1973.
[3]Now section 39-5-122, C.R.S. 1973.
[4]Now section 39-5-125, C.R.S. 1973.

. . . .
"Meritorious objections affecting substantial rights, when properly made to appear, should always be heeded; but mere hypertechnical objections should not be countenanced in the administration of justice. Such is the trend of modern legislation, and such should be the aim of judicial decisions."

Accordingly, the judgment is affirmed.