**LAREDO HOUSING APARTMENTS, LTD., Plaintiff-Appellant,**

**v.**

**BOARD OF COUNTY COMMISSIONERS OF the COUNTY OF ADAMS, Defendant-Appellee,**

and

**The Colorado Property Tax Administrator, Defendant.**

**No. 80CA0510.**

Colorado Court of Appeals, Div. I.

Dec. 26, 1980.

Rehearing Denied Jan. 29, 1981.

Certiorari Denied May 4, 1981.

Quinn, Mihalik, White & Wing, P. C., Timothy Quinn, Aurora, for plaintiff-appellant.

S. Morris Lubow, County Atty., Christian M. Lind, Asst. County Atty., Brighton, for defendant-appellee.

COYTE, Judge.

Laredo Housing Apartments, Ltd., (Laredo) appeals from a judgment of the district court upholding a decision of the Board of County Commissioners of Adams County (Board) which denied plaintiff's petition for abatement and refund of 1976 taxes which it alleged were erroneously and illegally assessed. We affirm.

In an effort to achieve statewide equalization of property assessment, the General Assembly amended § 39–9–103, C.R.S. 1973, *see* 1979 Cum.Supp., to require that the State Board of Equalization order changes in valuations by county assessors for the 1976 tax year.

As a result of this legislation, the General Assembly passed two remedial acts in 1977. The first statute, Colo.Sess.Laws 1977, ch. 500, § 39–8–102 at 1758, provided that between June 1, 1977, and July 11, 1977, taxpayers were permitted to protest 1975 and 1976 valuations for assessment by direct petition to the county board of equalization.

The second statute, Colo.Sess.Laws 1977, ch. 494, § 39–5–122.1 at 1736, which was repealed by its own terms on January 1, 1978, specified a procedure for the benefit of taxpayers aggrieved by changes in assessment as a result of an order of the State Board of Equalization. Taxpayers were permitted to appeal the new valuation to the assessor, who was empowered to recommend an abatement or refund directly to the board of county commissioners.

Plaintiffs contend that, as taxpayers adversely affected by the 1976 amendments to

§ 39–9–103, C.R.S. 1973, they have a remedy under § 39–1–113 and § 39–10–114, C.R.S. 1973, despite their failure to comply with the 1977 remedial statutes. We disagree.

Laredo's appeal of its 1976 valuation, filed July 3, 1979, failed to comply with the deadlines in either 1977 remedial statute. The basis for Laredo's appeal was the State Board of Equalization's order. Thus, the Board properly dismissed Laredo's petition because it was not filed within the time limit required by the statutes.

In *Lamm v. Barber,* 192 Colo. 511, 565 P.2d 538 (1977), the court stated:

> "The statutes provide in detail for a notice, protest and appeal procedure through which a taxpayer may contest a county assessor's *original* assessment and obtain judicial review if desired. Sections 39–5–122, 39–5–129, 39–8–102 to 109, C.R.S. 1973. This procedure, however, does not apply here, not only because the times specified in the statute have passed, but also because here we do not deal with an assessor's original assessments. Rather the potential increases here in contention will result from adjustments ordered by the State Board rather than original assessments."

In the case of the 1976 special valuation, the General Assembly established specific statutory deadlines for protest in its 1977 remedial legislation which amended § 39–5–122 and § 39–8–102, C.R.S. 1973 (1979 Cum. Supp.). This special legislation controls over the general abatement statutes. *See State Motor Vehicle Division v. Dayhoff,* Colo., 609 P.2d 119 (1980). Thus, § 39–1–113 and § 39–10–114, C.R.S. 1973, general abatement statutes, are inapplicable here.

Accordingly, compliance with the remedial legislation was the only manner in which plaintiff could seek abatement or refund.

Judgment affirmed.

PIERCE and RULAND, JJ., concur.