**LAREDO HOUSING APARTMENTS, LTD., a Colorado Limited Partnership, Appellant,**

v.

**BOARD OF ASSESSMENT APPEALS and the Board of County Commissioners of the County of Adams, Appellees.**

**No. 81CA1300.**

Colorado Court of Appeals, Div. III.

Dec. 15, 1983.

Quinn, Mihalik & Wing, Timothy Quinn, Aurora, for appellant.

J.D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., Billy Shuman, Asst. Atty. Gen., Denver, for appellee, Bd. of Assessment Appeals.

Kevin Maggio, Adams County Atty., Christian M. Lind, Asst. County Atty., Brighton, for Bd. of County Com'rs.

BABCOCK, Judge.

Laredo Housing Apartments, Ltd., (taxpayer) appeals the district court's affirmance of the decision of the Board of Assessment Appeals (BAA). We affirm.

In August 1979, the Adams County Board of County Commissioners denied taxpayer's petition for refund and abatement of property taxes paid for the years of 1976, 1977, and 1978 which had been filed by taxpayer pursuant to §§ 39–1–113 and 39–10–114, C.R.S.1973. Denial of the refund for the years 1977 and 1978 was appealed to the BAA. Following hearing, the BAA affirmed on the grounds that taxpayer had failed to pursue the remedies available to it during 1977 and 1978 and that taxpayer had failed to prove that its property had been overvalued for those years. Pursuant to §§ 24–4–106 and 39–8–108(2), C.R.S.1973, taxpayer appealed to the district court which affirmed the decision of the BAA.

The controlling issue on appeal is whether a taxpayer seeking a refund of property taxes on the ground that the assessor's

original valuation of the property was erroneous must pursue the administrative remedies provided by § 39–5–122, C.R.S.1973, or whether the taxpayer may later pursue the remedies set forth in §§ 39–1–113 and 39–10–114, C.R.S.1973.

Section 39–5–122(1), C.R.S.1973, requires the assessor to publish notice "that beginning on the first working day of June he will sit to hear all objections and protests concerning valuation of taxable real property determined by him for the current year." Section 39–5–122(2), C.R.S.1973, provides:

> "If any person is of the opinion that his property has been valued too high ... he may appear before the assessor on the days specified in the public notice to present his objection and protest and be heard, whether or not there has been a change in valuation of such property from the previous year ...."

Sections 39–10–114 and 39–1–113, C.R.S. 1973, set forth the administrative procedure for abatement and refund of taxes "[i]f taxes have been levied erroneously or illegally" because of an erroneous valuation for assessment. In *Modular Communities, Inc. v. McKnight*, 191 Colo. 101, 550 P.2d 866 (1976), the court concluded that the relief from overassessment provided by these provisions was available to taxpayers who became aware of the excessive charge after expiration of the statutory deadlines set forth in § 39–5–122, C.R.S.1973.

Here, taxpayer testified that it received notice of the assessor's original valuations for the years 1977 and 1978 within the statutory period for protest set forth in § 39–5–122, C.R.S.1973, and that it discussed the valuations with counsel and decided not to protest. Under these circumstances, we conclude that the abatement and refund remedies set forth in §§ 39–1–113 and 39–10–114, C.R.S.1973, were not available to taxpayer. *See Modular Communities, Inc. v. McKnight, supra.*

Taxpayer's reliance on *Lamm v. Barber*, 192 Colo. 511, 565 P.2d 538 (1977) is misplaced. In *Lamm*, the court held that taxpayers not afforded a protest procedure similar to that provided in connection with an assessor's original assessment, which provides for a hearing prior to an assessment increase, were not denied due process of law under Colo.Sess.Laws 1976, ch. 154, § 39–9–103(5)(b)(III) at 764, because they could obtain full and complete relief under the statutory abatement and refund procedures. Moreover, the court noted that the "opinion must be read in the context of this 1976 Act and its limited application." *See also Laredo Housing Apartments, Ltd. v. Board of County Commissioners*, 628 P.2d 135 (Colo.App.1980).

The district court's denial of taxpayer's petition for refund and abatement is affirmed.

STERNBERG and TURSI, JJ., concur.