**SCHMIDT–TIAGO CONSTRUCTION CO. and Schmidt-Tiago Construction Co.— Menzer Quarry, Plaintiffs-Appellees,**

v.

**PROPERTY TAX ADMINISTRATOR FOR the STATE OF COLORADO, Division of Property Taxation of the State of Colorado, and Board of Assessment Appeals of the State of Colorado, Defendants-Appellants.**

No. 83CA1112.

Colorado Court of Appeals, Div. III.

Aug. 16, 1984.

Jerry A. Smith, P.C., Jerry A. Smith, Colorado Springs, for plaintiffs-appellees.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Billy Shuman, Deputy Atty. Gen., Denver, for defendants-appellants.

METZGER, Judge.

Defendants, Property Tax Administrator for the State of Colorado, Colorado Division of Property Taxation, and Colorado Board of Assessment Appeals, appeal an order of the trial court remanding plaintiffs' petitions for property tax abatement to the Board of Assessment Appeals for reconsideration. We reverse.

Plaintiffs lease two parcels of land in El Paso County on which they conduct sand and gravel operations. In 1981 the county assessor for El Paso County instituted a new method of valuation of sand and gravel quarries, resulting in a higher assessment of plaintiffs' property. After receiving the notification of value from the assessor's office, plaintiffs protested the assessment to the assessor on June 24, 1981. The protest took exception to the calculation of the proceeds of production from the property and to the allegation of ownership, as contrasted with royalty leasing, of the property.

On June 30, 1981, the county assessor denied plaintiffs' protests and mailed copies of the denials to the plaintiffs. Although the denials were sent to the same address as were the notifications of value, counsel for plaintiffs contended that the denials were never received. Plaintiffs did not appeal the denials to the county board of equalization.

On February 26, 1982, plaintiffs petitioned the board of county commissioners of El Paso County for an abatement of the taxes, alleging that the assessor had illegally assessed "sand and gravel reserves" on their property. On March 25, 1982, the board of county commissioners granted plaintiffs' petitions for abatement. However, the property tax administrator overruled the board of county commissioners on April 27, 1982, stating that the assessment was not illegal and that plaintiffs had waived their administrative remedies by failing to appeal the assessor's denial of

their protest to the county board of equalization.

On May 14, 1982, plaintiffs appealed the property tax administrator's denial to the Colorado Board of Assessment Appeals. After a hearing, the Board of Assessment Appeals granted the property tax administrator's motion to dismiss plaintiffs' petitions because of plaintiffs' failure to exhaust their administrative remedies.

Plaintiffs thereafter filed the present action, seeking a declaration that the Board of Assessment Appeals acted contrary to law in dismissing their petitions. The trial court granted plaintiffs' request, finding that plaintiffs had consistently contested the legality, not the quantity, of the assessment and, therefore, that plaintiffs had followed the correct administrative procedure pursuant to § 39–10–114, C.R.S. The trial court also found that the Board of Assessment Appeals had acted arbitrarily and capriciously in dismissing plaintiffs' petitions because of lack of jurisdiction without affording plaintiffs an opportunity to present their claim of illegality, and remanded the petitions to the Board of Assessment Appeals for reconsideration.

Defendants contend that the trial court erred in failing to dismiss plaintiffs' complaint because of their failure to exhaust the administrative remedies provided. We agree.

■ Section 39–5–122, C.R.S., provides taxpayers the means to protest erroneous assessments to the county assessor. Sections 39–8–106 through 39–8–109, C.R.S., provide the avenue whereby an aggrieved taxpayer may appeal the assessor's denial of an assessment protest to the county board of equalization, the county board of equalization's denial to the Board of Assessment Appeals, and the Board of Assessment Appeals' denial to the district court. This administrative procedure must be followed whenever the taxpayer believes that his or her property "has been valued too high, or has been twice valued, or is exempt by law from taxation." or that the taxpayer "did not own taxable property on the assessment date, or that property had been erroneously assessed to him." Section 39–5–122, C.R.S.; *Simmons v. Board of County Commissioners*, 146 Colo. 392, 361 P.2d 769 (1961); *Miller v. Board of County Commissioners*, 92 Colo. 425, 21 P.2d 714 (1933).

■ When, on the other hand, the taxpayer believes that taxes have been "erroneously or illegally levied," the taxpayer may petition the board of county commissioners directly for a refund or abatement of the illegal tax. Sections 39–1–113 and 39–10–114, C.R.S. Any recommendation for abatement or refund must be approved by the property tax administrator. Sections 39–1–113 and 39–2–116, C.R.S. A negative decision may be appealed to the Board of Assessment Appeals. Sections 39–2–116 and 39–2–125(1)(d), C.R.S.

■ This latter procedure, the petition for abatement, may be followed only when the assessment is wholly illegal or entirely erroneous and incapable of adjustment. *Simmons v. Board of County Commissioners, supra; Weidenhaft v. Board of County Commissioners*, 131 Colo. 432, 283 P.2d 164 (1955); *Northcutt v. Burton*, 127 Colo. 145, 254 P.2d 1013 (1953). Where the property has been assessed improperly because of an error capable of adjustment, the former procedure (protest and adjustment) must be followed and the procedure for abatement is not available. *Weidenhaft v. Board of County Commissioners, supra.*

The question presented here is whether plaintiffs properly followed the procedure for abatement or are now barred by their failure to appeal the assessor's denial of their assessment protest. We hold that plaintiffs should have appealed the denial of their protest and cannot now resurrect their claim by disguising it as a request for abatement.

The situation presented here is similar to that before the Supreme Court in *Simmons v. Board of County Commissioners, supra.* In *Simmons*, a county assessor had for many years assessed trailer courts in the same manner as other property in

the same locality. In 1958, however, the assessor changed his method of valuation, resulting in higher assessments of trailer court properties. The plaintiffs claimed the new mode of assessment was illegal and sought a refund of the erroneous increase. The Supreme Court denied plaintiffs' request for refund, holding that plaintiffs had failed to show that the assessment was wholly illegal, erroneous, and incapable of adjustment. The Supreme Court noted, that, in reality, plaintiffs complained of an overvaluation, not an illegal valuation, but had waived the administrative procedure for adjudgment of an overvaluation because of delay.

■ Similarly, here, plaintiffs complain of an overvaluation, not an illegal valuation. The protest filed in 1981 asserts errors in calculation of the property value. At the hearing before the Board of Assessment Appeals, counsel for plaintiffs admitted that plaintiffs sought abatement because they missed the opportunity to appeal the assessor's denial to the county board of equalization. Further, plaintiffs' claim of illegality rests primarily on the manner of assessing sand and gravel quarries.

■ The method of calculating property value and the manner of assessing sand and gravel quarries, if erroneous, are capable of adjustment. *Simmons v. Board of County Commissioners, supra.* Therefore, plaintiffs should have requested their relief from the county board of equalization, not from the board of county commissioners. Plaintiffs' failure to appeal the denial of their assessment protests, for whatever reason, provides no justification for transmuting their protests into a request for abatement. *Cf. Simmons v. Board of County Commissioners, supra.*

The trial court also erred in finding that plaintiffs had been deprived of an opportunity to present their claim of illegality to the Board of Assessment Appeals. At the hearing before the Board of Assessment Appeals, defendants moved to dismiss the petitions because of plaintiffs' failure to appeal the assessor's denial to the county board of equalization. Defendants presented evidence in support of this motion. The Board of Assessment Appeals twice gave plaintiffs an opportunity to respond. At one point, the Board of Assessment Appeals even instructed plaintiffs on the applicable law.

■ Instead of presenting evidence or making an offer of proof to support their claim of illegality, however, plaintiffs relied only on the unsupported assertion of failure to receive the assessor's denial, a matter irrelevant to the claim of illegality. Since plaintiffs presented no evidence that the assessments were illegal, in spite of twice being given the opportunity to do so, the Board of Assessment Appeals properly dismissed plaintiffs' petitions for lack of jurisdiction. *Simmons v. Board of County Commissioners, supra; Weidenhaft v. Board of County Commissioners, supra.* Accordingly, plaintiffs were barred from resurrecting the claim of illegality before the trial court. *Umberfield v. School District No. 11,* 185 Colo. 165, 522 P.2d 730 (1974).

■ Nor does plaintiffs' assertion that the assessor improperly attributed ownership of the mineral reserves to the plaintiffs make the assessment illegal and refund therefore the appropriate procedure. Section 39–5–122, C.R.S., expressly includes the situation where property is "erroneously assessed to [the taxpayer]." With respect to this claim also, then, plaintiffs should have appealed the assessor's denial of their protest to the county board of equalization.

■ The trial court should have dismissed plaintiffs' complaint for failure to exhaust their administrative remedies. *Simmons v. Board of County Commissioners, supra; Miller v. Board of County Commissioners, supra.*

The judgment is reversed, and the cause is remanded with directions to dismiss plaintiffs' complaint and to reinstate the

final order of the Board of Assessment Appeals dismissing plaintiffs' petitions.

KELLY and TURSI, JJ., concur.