GUNNISON COUNTY and the American Economy Insurance Company, Petitioners-Appellees and Cross-Appellants,

v.

BOARD OF ASSESSMENT APPEALS OF the STATE of Colorado and the Property Tax Administrator of the State of Colorado, Respondents-Appellants and Cross-Appellees.

No. 82CA0345.

Colorado Court of Appeals, Div. II.

Nov. 29, 1984.

Sherman & Howard, Joseph J. Bronesky, Jane E. Roberts, Denver, for petitioners-appellees and cross-appellants.

J.D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Joel W. Cantrick, Sol. Gen., Billy· Shuman, Asst. Atty. Gen., Larry A. Williams, Asst. Atty. Gen., Denver, for respondents-appellants and cross-appellees.

KELLY, Judge.

The Board of Assessment Appeals and the Property Tax Administrator appeal the judgment of the trial court that property leased by Gunnison County from American Economy Insurance Company is tax exempt. The Board and the Administrator argue (1) that the trial court did not have jurisdiction, (2) that Gunnison County does not have standing, and (3). that the trial court erroneously ruled that the property is exempt from taxation. We affirm.

In the late 1970s, the Gunnison Board of County Commissioners was faced with an urgent need to repair and renovate the County's courthouse and jail facilities. After exploring several financial alternatives, Gunnison County entered into a building and property lease-purchase agreement with Boettcher & Co., as lessor, and the County, as lessee. Pursuant to the agreement, title to the courthouse and jail was conveyed to Boettcher, and the County leased it back.

The agreement required Boettcher to advance 2.1 million dollars to the County to cover the costs of improvements to the courthouse and the construction of a new jail. The property was leased to the County on a yearly basis with an option to renew the one-year leases for nineteen additional terms. Under the agreement, the County also had a purchase option. Boettcher did not have authority to terminate the agreement at the yearly intervals. On the same day that the agreement was entered into, Boettcher assigned its rights under the agreement to American Economy.

In 1979, the Gunnison County Assessor assessed $22,357.63 in property taxes against the courthouse and jail. The County paid the taxes pursuant to its lease, and, on behalf of American Economy, petitioned for an abatement or refund on the ground that the courthouse and jail were actually property of a political subdivision of the state and,· therefore, were exempt from taxation. The County Assessor recommended that the petition for abatement be denied, but it was granted by the Board of County Commissioners. The Property Tax Administrator disapproved the petition, and the Board of Assessment Appeals upheld his decision.

The County and American Economy filed a petition for review in Denver District Court. American Economy was subsequently dismissed as a party on the ground that it had not exhausted its administrative remedies. The trial court reversed the Board of Assessment Appeals, finding that Gunnison County, for tax purposes, owned the courthouse and jail and thus the property was exempt from taxation.

## I.

The Board and the Administrator argue that the petition for judicial review was filed in the wrong county and that the defect is jurisdictional. They contend that the action should have been brought in Gunnison County not Denver County since it is governed by § 39–8–108(2), C.R.S. (1982 Repl.Vol. 16B), which specifies judicial review in "the district court of the

county in which the property is located." We disagree.

■ Section 39–8–108, C.R.S., applies when, prior to payment of the taxes, the taxpayer seeks to secure an adjustment of taxes assessed against the property, believing it to have been "valued too high," or "twice valued," or to be "exempt by law from taxation." Section 39–8–108, C.R.S.; *Schmidt-Tiago Construction Co. v. Property Tax Administrator*, 687 P.2d 528 (Colo.App.1984); *Simmons v. Board of County Commissioners*, 146 Colo. 392, 361 P.2d 769 (1961). Here, Gunnison County had paid the taxes and was thus obliged to proceed under § 39–10–114, C.R.S., for tax refund.

■ When a party believes that taxes have been "erroneously or illegally levied," a petition for abatement or refund may be presented directly to the board of county commissioners. *Northcutt v. Burton*, 127 Colo. 145, 254 P.2d 1013 (1953); § 39–10–114, C.R.S. Any recommendation for abatement or refund must be approved by the property tax administrator. Sections 39–1–113 and 39–2–116, C.R.S. A negative decision may be appealed to the Board of Assessment Appeals. *Schmidt-Tiago, supra;* §§ 39–2–116 and 39–2–125(1)(d), C.R.S.

■ Since there is no specific method for judicial review of the Board's ruling, where, as here, proceedings are brought for refund of taxes under § 39–10–114, we hold that the State Administrative Procedure Act applies. Under § 24–4–106, C.R.S., any party "adversely affected or aggrieved" by an agency's administrative proceedings may seek judicial review in the City and County of Denver. *See Colorado Rocky Mountain School, Inc. v. Shriver*, 689 P.2d 651 (Colo.App.1984). Thus, § 39–8–108, C.R.S., is inapplicable; the district court had jurisdiction; and the venue was proper.

## II.

The Board and the Administrator argue that Gunnison County did not have standing to bring this action since only the owner, not the lessee, has the right to protest the assessment of taxes on leased property. We disagree.

■ The relationship between an agent and a principal is contractual and is defined by the contract. *Baumgartner v. Burt*, 148 Colo. 64, 365 P.2d 681 (1961). It has long been recognized that an assignee or an agent may maintain litigation on behalf of its assignor or principal. *Rambo v. Armstrong*, 45 Colo. 124, 100 P. 586 (1909); *Layton v. Kirkendall*, 20 Colo. 236, 38 P. 55 (1894).

■ Here, the lease specified that Gunnison County would have the authority to contest any taxes. The lease explicitly created a principal-agent relationship. In addition, the petition for abatement or refund of taxes indicates that the petition for abatement was made on behalf of American Economy Insurance Company "by Gunnison County." Moreover, American Economy wrote a letter advising the Gunnison County Tax Assessor that Gunnison County would be representing American Economy concerning its taxes.

■ The rights and duties of the principal and agent must be found in the express or implied terms of the agreement. *Baumgartner v. Burt, supra.* Gunnison County was authorized by American Economy to contest these taxes and, therefore, had standing in the administrative proceedings. A party to an administrative proceeding must be joined as a party to proceedings for judicial review of the administrative determination. *Cissell v. Colorado State Board of Assessment Appeals*, 38 Colo.App. 560, 564 P.2d 124 (1977).

## III.

Finally, the Board and the Administrator argue that the district court erroneously ruled that the courthouse and jail facilities are exempt from taxation. We disagree.

■ Colo.Const. art. X, § 4, provides:

"The property, real and personal, of the state, counties, cities, towns and other municipal corporations and public libraries, shall be exempt from taxation."

Exemption under this section depends on ownership. Record title alone, however, is not·determinative of tax exempt status under Colorado law. The question of ownership for tax purposes must be decided on the basis of "real ownership" rather than "forms and labels." *Mesa Verde Co. v. Board of County Commissioners*, 178 Colo. 49, 495 P.2d 229 (1972), *appeal dismissed*, 409 U.S. 810, 93 S.Ct. 69, 34 L.Ed.2d 65 (1972); *Southern Cafeteria, Inc. v. Property Tax Administrator*, 677 P.2d 362 (Colo.App.1983). The nature of a transaction is not controlled by its legal characterization; rather, it is the intention of the parties which determines the essence of the transaction, and the facts of each case demonstrate the parties' intention. *See H.M.O. Systems, Inc. v. Choicecare Health Services, Inc.*, 665 P.2d 635 (Colo. App.1983).

 Here, Gunnison County has retained sufficient control of the property to render it tax exempt. Gunnison County occupies and controls the property, controls construction and improvements of the property, maintains and insures the property, and has an option to purchase the property for a nominal amount at the end of the lease. The trial court correctly determined that the property was within the public property tax exemption of Colo.Const. art. X, § 4.

Judgment affirmed.

BERMAN and BABCOCK, JJ., concur.