ALPENROSE UNIT WEEK ASSOCIA-
TION, Plaintiff-Appellant,

v.

The BOARD OF ASSESSMENT AP-
PEALS OF the STATE of Colorado;
and The Board of County Commission-
ers for the County of Summit, State of
Colorado, Defendants-Appellees.

No. 84CA0202.

Colorado Court of Appeals,
Div. I.

Dec. 12, 1985.

Bradley, Campbell & Carney, P.C., Victor
F. Boog, Golden, for plaintiff-appellant.

Duane Woodard, Atty. Gen., Charles B.
Howe, Chief Deputy Atty. Gen., Richard H.
Forman, Sol. Gen., Billy Shuman, Asst.
Atty. Gen., Denver, for defendant-appellee
Board of Assessment Appeals of State of
Colorado.

Richard D. Lynton, Breckenridge, for de-
fendant-appellee Board of County Comrs.

ENOCH, Chief Judge.

Plaintiff, Alpenrose Unit Week Associa-
tion, seeks review of a district court judg-
ment affirming the dismissal by the Colora-
do Board of Assessment Appeals of plain-
tiff's appeal of the denial of its petitions
for property tax abatement. We affirm.

In May of 1979, the Summit County as-
sessor greatly increased the assessed valu-

ation of sixteen condominium units located in Breckenridge, Colorado. After receiving notices of the new valuations, plaintiff requested and was sent a form for filing a protest to the valuation with the county assessor's office pursuant to § 39–5–122, C.R.S. (1982 Repl.Vol. 16B). However, no protest was submitted and the 1979 tax was paid. In 1980, notice of the period for objections and protests was again given by the assessor, and, again, plaintiff filed no protest.

On March 2, 1982, plaintiff filed petitions for abatement and refund of the 1979 and 1980 assessments with the Summit County Board of County Commissioners. The petitions were denied on April 20, 1982. Plaintiff then filed an appeal with the Board of Assessment Appeals, and after a hearing, the Board dismissed the appeal on the ground that plaintiff had failed to exhaust its administrative remedies. The district court affirmed this decision.

On appeal, plaintiff contends that the district court erred in determining that its petitions were barred by its failure to exhaust its administrative remedies. We disagree.

■ Section 39–5–122, C.R.S. (1982 Repl. Vol. 16B) provides taxpayers with a method for protesting assessments to the county assessor (protest and adjustment). Sections 39–8–106 through 39–8–109, C.R.S. (1982 Repl.Vol. 16B) provide the means whereby the taxpayer may appeal the assessor's denial of a protest to the county board of equalization, and may then appeal to the Board of Assessment Appeals and finally to the district court. This procedure must be followed if the taxpayer's property "has been valued too high, or has been twice valued, or is exempt by law from taxation." Section 39–5–122(2); *see Schmidt-Tiago Construction Co. v. Property Tax Administrator*, 687 P.2d 528 (Colo.App.1984).

■ If the taxes have been "erroneously or illegally levied," the taxpayer may petition the Board of County Commissioners directly for an abatement and refund. Sections 39–1–113 and 39–10–114, C.R.S. (1982 Repl.Vol. 16B). However, this procedure is available only when the assessment is wholly illegal or entirely erroneous and incapable of adjustment, *Simmons v. Board of County Commissioners*, 146 Colo. 392, 361 P.2d 769 (1961); *Schmidt-Tiago Construction Co. v. Property Tax Administrator, supra*, or if the taxpayer first becomes aware of the excessive charges after the statutory deadlines set forth in § 39–5–122 have expired. *Modular Communities, Inc. v. McKnight*, 191 Colo. 101, 550 P.2d 866 (1976); *Laredo Housing Apartments, Ltd. v. Board of Assessment Appeals*, 675 P.2d 23 (Colo.App.1983).

■ Plaintiff did not exercise its right of protest and adjustment under § 39–5–122, but it argues that its claim is premised upon the illegality of the valuation rather than merely its amount and is therefore cognizable under §§ 39–1–113 and 39–10–114. We disagree.

■ Plaintiff has failed to show that the increase in the valuation of its condominium units is anything more than an alleged overvaluation subject to the administrative protest and adjustment remedy. Thus, plaintiff has not sustained its burden of showing that the tax was illegal or was erroneous in its entirety, and was incapable of adjustment. *See Simmons v. Board of County Commissioners, supra*. Because the protest and adjustment procedure set forth in § 39–5–122, C.R.S. (1982 Repl.Vol. 16B) is plaintiff's exclusive remedy, the district court properly affirmed the decision of the Board of Assessment Appeals.

Judgment affirmed.

KELLY and METZGER, JJ., concur.