**VALLEY COUNTRY CLUB, Plaintiff–Appellee,**

v.

**BOARD OF ASSESSMENT APPEALS, STATE OF COLORADO and Property Tax Administrator, State of Colorado, Defendants–Appellants.**

**No. 87CA1835.**

Colorado Court of Appeals, Div. III.

Feb. 16, 1989.

Rehearing Denied March 16, 1989.

Certiorari Granted Aug. 21, 1989.

Fairfield and Woods, P.C., Rocco A. Dodson, Denver, for plaintiff-appellee.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Bradly J. Holmes, Asst. Atty. Gen., Denver, for defendants-appellants.

FISCHBACH, Judge.

Defendants, Board of Assessment Appeals (BAA) and the State Property Tax Administrator, appeal the district court's reinstatement of the Arapahoe Board of County Commissioners' decision granting plaintiff's petition for a tax abatement. The issue before us is whether the district court erred in concluding that the BAA acted in excess of its statutory jurisdiction in relitigating the facts of the case. We find no error and affirm the order of the district court.

In June 1985, plaintiff, Valley Country Club, filed a petition for abatement or refund of 1983 taxes for property located in Arapahoe County, alleging that a portion of the tax was erroneous and illegal because the assessor had overvalued the property and because Valley had not received notice of the increased 1983 valuation. The fact and amount of overvaluation had already been established in a protest proceeding Valley had instituted with regard to the equivalent 1984 valuation. The Arapahoe County Assessor recommended denial of the petition, but the Arapahoe County Board of County Commissioners (Commissioners), after hearing, agreed with Valley, reversed the assessor, and granted abatement.

In compliance with the statutory procedure, the Commissioners then submitted an

application for abatement to the Administrator for review. The Administrator denied the application on the grounds that the notice of valuation was timely mailed, the tax was capable of adjustment and therefore not illegal, and Valley had waived its administrative remedies.

Valley appealed the order of the Administrator to the BAA, which, after an evidentiary hearing on the issue of receipt of notice, affirmed the Administrator's order. Valley then filed for judicial review in district court.

The district court, upon review, reversed the BAA. The court concluded that because the authority of the Administrator was limited to reviewing an application for abatement to ascertain that it is " 'in proper form and recommended in conformity with the law,' ... it was inappropriate for [her] to reject the ruling. It was also inappropriate for the State Board to relitigate the case. It was improperly before the Board." This appeal followed.

Although we disagree with the district court's statement that the case was improperly before the BAA, we agree with the result of the court's opinion and, thus, affirm on the slightly different ground that because the BAA review is limited to an analysis of the Administrator's order, the BAA exceeded its authority in relitigating the case.

## I

■■ The defendants contend that the district court erred in holding that the BAA had no jurisdiction to relitigate the case because it has the authority to relitigate all cases appealed to it. We disagree.

The original fact-finding forum for determining eligibility for abatement is the board of county commissioners in the county where the property is situated. Section 39–1–113, C.R.S. (1982 Repl.Vol. 16B). After approving an abatement application, that board must submit it to the Administrator for review. Section 39–1–113. The Administrator then determines whether it is "in proper form and recommended in conformity with the law," and approves or denies it on those grounds. Section 39–2–116, C.R.S. (1982 Repl.Vol. 16B). If either the board of commissioners or the Administrator denies the petition, the taxpayer may appeal to the Board of Assessment Appeals. Section 39–2–125(1)(b) and § 39–2–125(1)(f), C.R.S. (1982 Repl.Vol. 16B). If the board of commissioners and Administrator approve the petition, the board of commissioners "shall order an abatement ... or refund." The assessor has no right to appeal. Section 39–1–113.

The guidelines for the taxpayer's appeal from an order by the Administrator are set forth in § 39–2–125(1)(b). The pertinent section of the statute requires that the hearing concerning the Administrator's order "shall include evidence as to the rationale of such order or decision and the detailed data in support thereof." Section 39–2–125(1)(b)(II), C.R.S. (1982 Repl.Vol. 16B).

The section is clear on its face in mandating that the BAA consider evidence regarding the order, but it is ambiguous as to whether other evidence may be received. Therefore, it is necessary that we construe it in the context of the statute as a whole, see *Board of County Commissioners v. City & County of Denver*, 194 Colo. 252, 571 P.2d 1094 (1977), and in light of the principle that "the taxing power and taxing acts are construed strictly against the taxing authority and in favor of the taxpayer." *City & County of Denver v. Sweet*, 138 Colo. 41, 329 P.2d 441 (1958).

Within § 39–2–125(1), which describes six kinds of appeal to the BAA, only the appeal from an order by the Administrator is set forth with such specificity. Thus, although the general language of § 39–2–125(1)(a) authorizes the board to "[a]dopt procedures of practice before and procedures of review by the board ... in accordance with the applicable provisions of article 4 of title 24, C.R.S. 1973," the specific language of § 39–2–125(1)(b)(II) restricts that power with regard to appeals from an order by the Administrator.

While use of the word "include" in § 39–2–125(1)(b)(II) could lead to a construction of the statute mandating consid-

eration of the Administrator's order without prohibiting de novo factual review, *see Lyman v. Town of Bow Mar*, 188 Colo. 216, 533 P.2d 1129 (1975), analysis of the statute as a whole precludes such construction. Title 39 is written so as to provide the taxpayer every opportunity for relief. The assessor has no opportunity to appeal from an initial abatement decision or Administrator's order favoring the taxpayer, *see* § 39–1–113, and the opportunity to appeal from an initial protest decision only when the county board of equalization declares the matter to be of statewide concern. *See* § 39–8–108, C.R.S. (1982 Repl. Vol. 16B). In contrast, the taxpayer has a right to protest or appeal at every possible opportunity. *See* §§ 39–2–113, 39–2–125, 39–5–122, 39–8–106, and 39–8–108, C.R.S. (1982 Repl.Vol. 16B); *see also Adams County Board of County Commissioners v. Union Pacific R.R. Co.*, 34 Colo.App. 156, 525 P.2d 1202 (1974).

Allowing the BAA to conduct a de novo hearing after the Administrator has rejected an abatement petition, rather than simply to review the Administrator's order as described in § 39–2–125(1)(b)(II), would both contravene the policy of deference to the taxpayer, and unnecessarily prolong the abatement process. Both results would follow from the procedure dictating that the petition reach the Administrator only after the Commissioners have made factual findings in the taxpayer's favor, which findings the assessor has no right to appeal. To hold de novo review automatically when the taxpayer appeals an order of the Administrator, in effect, affords the tax assessor an appeal from the Commissioners' fact finding which is not permitted under the terms of § 39–1–113.

We do not believe that the General Assembly intended this inconsistency. Nor do we believe that it intended to render meaningless the language mandating that the BAA consider "evidence as to the rationale of [the Administrator's] order and the detailed data in support thereof." Such would be the result if the BAA were free, regardless of the illegality of the Administrator's order, to relitigate the case and uphold the order on totally different grounds.

We therefore conclude that the scope of the BAA's review of an administrative order is limited by that order, which may be challenged by the taxpayer as in excess of the Administrator's authority or contrary to law. Depending on its evaluation of the order, the BAA may then "remand the case to … the hearing officer [Commissioners] for such further proceedings as it may direct, or it may affirm, set aside, or modify the order or any sanction or relief entered therein, in conformity with the facts and the law." Section 24–4–105(15)(b), C.R.S. (1988 Repl.Vol. 10A).

## II

The defendants next argue, in effect, that regardless of whether the BAA erred in relitigating the facts of the case and thereupon upholding the Administrator's order, the error was harmless. They claim that a narrow review of the order also would have resulted in affirmance because the Administrator neither exceeded her authority nor interpreted the law incorrectly. Again, we disagree.

## A.

■ The district court concluded that the Administrator acted in excess of her authority because her reversal depended on her independent fact-finding that notice had been mailed and presumptively received. We agree that the Administrator's decision was at least in part based on independent fact-finding and, to that extent, was beyond her authority.

To remedy a valuation of its property, a taxpayer can either protest an overvaluation and receive a correction from the assessor pursuant to § 39–5–122, C.R.S. (1982 Repl.Vol. 16B), or request an abatement or refund of taxes illegally or erroneously levied pursuant to § 39–1–113 and § 39–10–114, C.R.S. (1982 Repl.Vol. 16B). *Board of Assessment Appeals v. Benbrook*, 735 P.2d 860 (Colo.1987).

Section 39–5–122 is the appropriate route to protest the assessor's yearly property

valuations of which the taxpayer has received notice. This procedure involves an expedited review by the assessor, and can result in an adjustment of the tax bill before it becomes due.

Sections 39–1–113 and 39–10–114 provide a remedy for the abatement or refund of property taxes that cannot be challenged under § 39–5–122. *Board of Assessment Appeals v. Benbrook, supra.* Among other applications, the abatement procedure may be used to "provide taxpayer relief from the overassessment of his property in situations where his knowledge of excessive charges is acquired subsequent to the usual statutory deadlines for protest." *Modular Communications, Inc. v. McKnight,* 191 Colo. 101, 550 P.2d 866 (1976); *see Laredo Housing Apartments, Inc. v. Board of Assessment Appeals,* 675 P.2d 23 (Colo.App.1983).

Here, the Commissioners determined, as a matter of fact, that Valley had not received timely notice of the increase and that it was therefore proper for Valley to proceed for abatement. The Administrator declared, instead, that notice had been timely mailed and presumptively received, and that, as a result, Valley was barred from applying for abatement and instead was required to proceed under § 39–5–122. Because Valley did not timely file a protest under the latter section, the Administrator concluded that it had waived its administrative remedies and was entitled to no recovery.

We agree with the trial court that the Administrator acted beyond her authority in reversing a factual finding of the Commissioners. The Administrator's authority extends only to determining whether the application submitted by the Commissioners is "in proper form and recommended in conformity with the law." Section 39–2–116. Whether notice was received is a question of fact for the trier of fact, *National Motors, Inc. v. Newman,* 29 Colo. App. 380, 484 P.2d 125 (1971), here, the Commissioners. Section 39–1–113. Thus, to the extent that the Administrator's denial of Valley's application was based on

reversing the Commissioners' finding of fact, it exceeded her authority.

## B.

The defendants contend that the BAA nevertheless properly affirmed the Administrator's order because the order correctly determined that the Commissioners' recommendation was not "in conformity with the law." We conclude otherwise.

■ Defendants first argue that, inasmuch as the statute requires only that the notice be *mailed,* the Commissioners erred in concluding that the law requires that notice actually be *received* by the taxpayer. Such contention is without merit.

Although the statutory language requires only a mailing of the notice, *see* § 33–5–121, C.R.S. (1982 Repl.Vol. 16B), due process considerations mandate that a taxpayer faced with a higher assessment be afforded the opportunity for a hearing to protest the increase. *Lamm v. Barber,* 192 Colo. 511, 565 P.2d 538 (1977). If a taxpayer receives no notice of the increase and therefore is unable to file a timely protest under § 39–5–122, the taxpayer may instead apply for abatement or refund under §§ 39–1–113 and 39–10–114. *Modular Communities v. McKnight, supra; Laredo Housing Apartments, Inc. v. Board of Assessment Appeals, supra; see Board of Assessment Appeals v. Benbrook, supra.* Thus, the Commissioners properly applied the law and determined that, regardless of whether notice of the increased valuation was mailed, Valley's failure to receive it entitled it to apply for an abatement or refund.

■ Defendants next contend that even if the taxpayer must have knowledge of the tax increase in time to protest under § 39–5–122 before losing the right to apply for abatement under §§ 39–1–113 and 39–10–114, the Commissioners' conclusion that Valley received no notice is insufficient in that it does not prove lack of knowledge. We disagree.

Implicit in the Commissioners' finding is that Valley received neither express nor constructive notice, and it therefore had no

knowledge of the increase in order to protest under § 39–5–122. We note, in addition, that the notice provision, § 39–5–121, refers directly to the right of protest under the following section, § 39–5–122, C.R.S. (1982 Repl.Vol. 16B), implying that the protest procedure is to be followed as a direct result of receiving notice. The 1988 amendment to § 39–5–122 also refers directly to a protest form that is now included with the notice required by § 39–5–121. Section 39–5–122(2), C.R.S. (1988 Cum. Supp.).

We also disagree with defendants' argument that the record before the Administrator was insufficient under § 24–4–106(7), C.R.S. (1988 Repl.Vol. 10A), to support a finding of no notice. Section 24–4–106 C.R.S. (1988 Repl.Vol. 10A) has no application to the Administrator's review. The Commissioners are required to submit only an application to the Administrator, not a complete record. Section 24–4–105(7), C.R.S. (1988 Repl.Vol. 10A). The latter is unnecessary because the Administrator has no authority to find facts, review facts, or reverse on the basis of insufficiency. Section 39–2–116.

We conclude that the BAA exceeded its authority in relitigating factual questions in Valley's appeal from the Administrator's order, rather than limiting its review to an analysis of the order. In addition, the BAA erred in concluding that the Administrator acted within her authority and properly interpreted the law.

The judgment of the district court is affirmed.

KELLY, C.J., and NEY, J., concur.