SOUTH SUBURBAN PARK AND RECREATION DISTRICT, Petitioner–Appellant,

v.

BOARD OF ASSESSMENT APPEALS OF the STATE OF COLORADO and Arapahoe County Board of Commissioners, Respondents–Appellees.

No. 93CA1785.

Colorado Court of Appeals, Div. V.

Dec. 29, 1994.

As Modified on Denial of Rehearing Feb. 16, 1995.

Collins and Cockrel, P.C., James P. Collins, Paul C. Rufien, Denver, for petitioner-appellant.

Gale A. Norton, Atty. Gen., Stephen K. ErkenBrack, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Mark Gerganoff, Asst. Atty. Gen., Denver, for respondent-appellee Board of Assessment Appeals.

Peter Lawrence Vana, III, Arapahoe County Atty., Richard F. Mutzebaugh, Sp. Asst. County Atty., Littleton, for respondent-appellee Arapahoe County Bd. of Com'rs.

Opinion by Judge RULAND.

Respondent, Arapahoe County Board of Commissioners (County Board), dismissed a petition for abatement and refund of taxes filed by petitioner, South Suburban Park and Recreation District (Recreation District), as untimely. The Recreation District appealed to respondent, Board of Assessment Appeals (BAA), which also entered its order dismissing the petition as time barred. The Recreation District appeals the BAA decision, and we reverse.

In May of 1987, the Recreation District purchased a substantial parcel of real estate in Arapahoe County from a private corporation. Estimated real estate taxes were prorated through the date of closing. A credit was provided the Recreation District on the purchase price for that part of the year the property was in private ownership, and it assumed the responsibility to pay the taxes. See § 39–1–108, C.R.S. (1994 Repl.Vol. 16B). The Recreation District's mailing address was shown on the deed from the previous owner.

In January of 1988, however, the Treasurer mailed a tax notice for the tax year 1987 to the previous owner and not to the Recreation District. This notice reflected a significant increase in the taxes.

In April of 1988, the county assessor filed a petition for abatement of the 1987 tax year for that portion of the year that the property was owned by the Recreation District. In March of 1988, the County Board approved the petition. However, for reasons which do not appear of record, the assessor's petition was filed on behalf of the former owner and not the Recreation District.

The Recreation District also claimed and the County Board did not deny that, during 1988, the assessor determined that the property had been classified improperly as vacant residential land for the 1987 tax year and thus reclassified the property as unimproved flood plain. However, a notice of changed valuation was not mailed to the Recreation District as required by § 39–5–121(1), C.R.S. (1994 Repl.Vol. 16B).

In November of 1988, the Treasurer conducted a tax sale on the property because that part of the 1987 taxes owed by the previous owner had not been paid. Notice of the sale was published but the previous owner was shown as the record owner. The tax lien sale certificate also reflected the previous owner as the record owner.

In October of 1991, the Treasurer mailed a letter to the Recreation District indicating that a request for the issuance of a treasurer's deed had been received from the holder of the certificate. The Recreation District then redeemed the property and shortly thereafter filed a petition for refund and abatement of the taxes predicated upon the improper classification of the property.

The County Board denied the Recreation District's petition based upon the two-year limitation period set forth in § 39–10–

114(1)(a)(I)(A), C.R.S. (1994 Repl.Vol. 16B). That section currently requires that any petition for abatement by a taxpayer be filed within two years after January 1 of the year following the year in which the taxes were levied. Thus, the petition here had to be filed by the first business day of 1990. *See Golden Aluminum Co. v. Weld County Board of County Commissioners*, 867 P.2d 190 (Colo.App.1993).

The Recreation District then appealed the County Board's decision to the BAA. The BAA granted the County Board's motion to dismiss based upon its conclusion that the petition was untimely.

The Recreation District contends that § 39–10–114(1)(a)(I)(A), as interpreted by the BAA, denies its right to due process of law. Stated otherwise, the Recreation District contends that the two-year period framed by the statute should not apply under due process principles if it received no notice either that the taxes were due or that the property had been reclassified for tax purposes. The BAA and the County Board seek affirmance of the BAA's order on three grounds.

## I

■ The BAA and the County Board first contend that the Recreation District, as a governmental entity, is not protected by the due process clause of either the United States Constitution or the Colorado Constitution. Thus, in effect, they contend that the Recreation District lacks standing to assert any due process violation. Under the particular circumstances of this case, we conclude that the statutory scheme authorizes the Recreation District to seek a remedy and thus it is unnecessary to address the constitutional claim.

Pursuant to § 32–1–1001(1)(f), C.R.S. (1994 Cum.Supp.), the Recreation District is authorized to acquire real property for district purposes. *See also* § 32–1–1005(1)(b), C.R.S. (1994 Cum.Supp.). Pursuant to § 32–1–1001(1)(c), C.R.S. (1994 Cum.Supp.), the Recreation District is authorized to sue and be sued.

Finally, pursuant to § 39–3–130(1), C.R.S. (1994 Repl.Vol. 16B), the former owner was relieved of any obligation to pay the tax. Instead, that obligation was specifically imposed upon the Recreation District, and thus, it assumed the position of any other taxpayer.

In our view, the right to sue necessarily applies to legal proceedings required to protect and preserve the Recreation District's property and financial interests. Further, because the Recreation District assumed the obligation to pay taxes, it was entitled to the same due process notice as any other private taxpayer.

Accordingly, we conclude that, if taxes have been improperly imposed against property owned by the Recreation District, it is entitled to pursue a remedy therefor to the same extent as any other owner. *See Utah Motel Associates v. Denver County Board of Commissioners*, 844 P.2d 1290 (Colo.App. 1992) (current owner can seek abatement of taxes improperly imposed at time property held by previous owner).

## II

■ The BAA and the County Board next contend that the two-year limitation period set forth in § 39–10–114(1)(a)(I)(A) applies without regard to whether the Recreation District received any notice. Under the circumstances here, we disagree.

In *Woodmoor Improvement Ass'n v. Property Tax Administrator*, —— P.2d —— (Colo. App. No. 93CA1949, September 8, 1994), a division of this court held that § 39–10–114(1)(a)(I)(A) constitutes a statute of repose and thus can be applied to tax years prior to its adoption. The *Woodmoor* court also determined that there were no equitable grounds alleged by the taxpayer that would justify relief.

However, the *Woodmoor* court did not address the issue before us, namely, whether the limitation period applies even if the taxpayer does not receive any notice that the taxes are due. *See generally Schmidt v. Langel*, 874 P.2d 447 (Colo.App.1993) (discussing treasurer's obligation to search the information in its records).

Statutory notice requirements pertaining to tax proceedings must be interpreted so as to comply with due process requirements under both the United States and the Colorado Constitutions. *Klingbeil v. State,* 668 P.2d 930 (Colo.1983); *see Schmidt v. Langel, supra.* Thus, our supreme court recognized in *Modular Communities, Inc. v. McKnight,* 191 Colo. 101, 550 P.2d 866 (1976), that if an aggrieved taxpayer can show that noncompliance by the county with notice requirements has deprived the taxpayer of an opportunity for a hearing, then the taxpayer should be afforded appropriate relief. *See also Coquina Oil Corp. v. Larimer County Board of Equalization,* 770 P.2d 1196 (Colo.1989) (taxpayer may recover a refund after time for protest has expired when error is due at least in part to the taxing authority).

Here, the applicable statute required the Recreation District to pay the taxes due from the previous owner. Section 39–1–108; *see also Utah Motel Associates v. Denver County, supra.* However, it is undisputed that the Recreation District did not receive various notices required by statute. Hence, given a taxpayer's right to due process, we conclude that the two-year limitation period may not be applied to the Recreation District under these circumstances. *See Modular Communities, Inc. v. McKnight, supra.*

## III

As alternative grounds for affirmance of the BAA's order, the County Board contends that the Recreation District had actual notice of the need to pay taxes on behalf of the previous owner. The County Board further contends that no abatement for overvaluation is permitted for the tax year in question. However, these contentions were not included in the County Board's motion to dismiss and thus have not been addressed by the Board. Based upon the record before us, we conclude that it is inappropriate for us to do so for the first time on appeal. *See Downey v. Department of Revenue,* 653 P.2d 72 (Colo.App.1982).

The order is reversed and the cause is remanded to the Board of Assessment Appeals for further proceedings consistent with the views expressed in this opinion.

BRIGGS and TAUBMAN, JJ., concur.